[No. 80496-6.   En Banc.]
Argued May 8, 2008.      Decided December 17, 2009.

THE STATE OF WASHINGTON, *Respondent*, v. TERRANCE TERRIEL POWELL, *Petitioner*.

*Erik L. Bauer, John Cain,* and *Rita J. Griffith,* for petitioner.

*Mark E. Lindquist, Prosecuting Attorney,* and *Terry Lane, Kathleen Proctor,* and *Michelle Luna-Green, Deputies,* for respondent.

¶1 ALEXANDER, C.J. — We granted Terrance Powell's motion for discretionary review of a ruling that the trial court made following the Court of Appeals' reversal of Powell's exceptional sentence for first degree murder. As part of its decision, the Court of Appeals remanded for resentencing in light of *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Powell challenges a decision the trial court made, upon remand, to impanel a jury to determine if there are aggravating factors that support an exceptional sentence. He contends that the trial court did not have authority to impanel a jury for this purpose because the State did not give notice of its intent to seek an exceptional sentence prior to his 2002 trial. Powell argues, additionally, that impaneling a jury to consider aggravating factors would violate the prohibition against double jeopardy. We disagree with Powell on both points and affirm the trial court.

I

¶2 In 1997, Powell was charged in Pierce County Superior Court with aggravated first degree murder and, alternatively, with first degree murder. Although a jury found Powell guilty of first degree murder, the conviction was reversed by the Court of Appeals and the case was remanded for a new trial. At the subsequent jury trial held in 2002, Powell was charged with first degree murder only. The information charging Powell with that crime did not give notice of the aggravating factors later relied upon by the trial judge in imposing an exceptional sentence. After

the jury found Powell guilty of first degree murder, the trial judge imposed an exceptional sentence of 720 months after finding a number of aggravating factors. Powell's conviction and sentence was thereafter affirmed by the Court of Appeals.

¶3 Following the United States Supreme Court's decision in *Blakely*, Powell filed a personal restraint petition citing *Blakely* and alleging that judicial determination of aggravating factors violated his right to a jury trial. The Court of Appeals granted Powell's petition, reversed the exceptional sentence, and remanded to the trial court for resentencing. Order Granting Petition in Part, *In re Pers. Restraint of Powell*, No. 34244-8-II (Wash. Ct. App. June 20, 2006).

¶4 After remand, the State notified Powell that it intended to seek an exceptional sentence based on aggravating circumstances enumerated in RCW 9.94A.535(3). Powell moved for the imposition of a standard range sentence, arguing that (1) the State had not provided notice to Powell that it would seek an exceptional sentence and (2) the trial court did not have authority to impanel a jury because the recently amended RCW 9.94A.537 could not be applied retroactively. The trial court concluded that it had the authority, pursuant to RCW 9.94A.537(2), to impanel a jury for the purpose of determining whether there were aggravating factors that would support an exceptional sentence.

¶5 Powell then filed a motion for discretionary review. We granted the motion.

## II

■ ■ ¶6 The issue presented to us is whether a trial court, following a *Blakely*-based reversal of an exceptional sentence, is authorized to impanel a jury for the purpose of considering whether aggravating factors exist that bear on resentencing when the defendant was not given notice before trial of the State's intent to seek an exceptional sentence and the factors upon which its request is based.

Resolution of this issue requires interpretation of RCW 9.94A.537, a recently amended section in Washington's Sentencing Reform Act of 1981, chapter 9.94A RCW. Statutory interpretation is a legal question that we review de novo on appeal. *Stuckey v. Dep't of Labor & Indus.*, 129 Wn.2d 289, 295, 916 P.2d 399 (1996). When interpreting the meaning of statutes, "we must derive our understanding of the legislature's intent from the plain language before us, especially in matters of criminal sentencing." *State v. Delgado*, 148 Wn.2d 723, 730, 63 P.3d 792 (2003).

¶7 In 2004, the United States Supreme Court held in *Blakely* that any fact, other than that of a prior conviction, that increases the applicable punishment must be found by a jury beyond a reasonable doubt unless the defendant stipulates to the fact or facts or waives the right to have the jury make the determination. *Blakely*, 542 U.S. 296. In response to *Blakely*, the legislature enacted RCW 9.94A.537 in order to provide a procedure whereby juries are tasked with finding facts, other than the fact of a prior conviction, to support an exceptional sentence. LAWS OF 2005, ch. 68 (sometimes referred to as the *"Blakely* fix"). The 2005 enactment also contained a notice procedure:

> At any time prior to trial or entry of the guilty plea if substantial rights of the defendant are not prejudiced, the state may give notice that it is seeking a sentence above the standard sentencing range. The notice shall state aggravating circumstances upon which the requested sentence will be based.

LAWS OF 2005, ch. 68, § 4(1) (codified as RCW 9.94A.537(1)).

¶8 In *State v. Pillatos*, 159 Wn.2d 459, 465, 150 P.3d 1130 (2007), we held that the procedures outlined in RCW 9.94A.537 did not apply to a defendant who pleaded guilty prior to the effective date of the 2005 enactment. We concluded, instead, that it applied only to defendants whose trials had not begun or who had not already pleaded guilty when the amendment took effect. *Id.* Following our 2007 decision in *Pillatos*, the legislature amended RCW 9.94A-.537 (the so-called *"Pillatos* fix"). This amendment provides as follows:

In any case where an exceptional sentence above the standard range was imposed and where a new sentencing hearing is required, the superior court may impanel a jury to consider any alleged aggravating circumstances listed in RCW 9.94A.535(3), that were relied upon by the superior court in imposing the previous sentence, at the new sentencing hearing.

LAWS OF 2007, ch. 205, § 2(2) (codified as RCW 9.94A.537(2)).

¶9 Powell asserts that notice of the State's intention to seek an exceptional sentence is required by RCW 9.94A-.537(1), regardless of the date of his trial. Because the State did not provide notice under subsection (1) that it would seek an exceptional sentence prior to his 2002 trial, Powell contends that a jury cannot be impaneled under subsection (2) to consider aggravating circumstances.

¶10 We disagree with Powell's contention that the notice provision in RCW 9.94A.537(1) requires the State to give notice of its intent to seek an exceptional sentence. The statute merely states that the State "may" give notice that it is seeking a sentence above the standard sentencing range prior to trial or entry of a guilty plea. The fact that Powell was not given notice prior to trial of the State's intention to seek an exceptional sentence does not, therefore, run afoul of the plain language of the statute.

¶11 We are also satisfied that the legislature intended the notice provision in RCW 9.94A.537(1) and the resentencing provision in RCW 9.94A.537(2) to operate in different circumstances. The notice provision applies to defendants who had not yet gone to trial or entered a guilty plea as of the effective date of the amendment in 2005. *Pillatos*, 159 Wn.2d at 465. The resentencing provision, on the other hand, applies in cases such as the instant where the defendant's trial began prior to the 2007 amendment and there has been a remand for a new sentencing hearing.

¶12 We relied on the legislature's use of the language " '[a]t any time prior to trial or entry of the guilty plea' " to support our determination in *Pillatos* that the procedures outlined in RCW 9.94A.537 applied to defendants who had

not yet gone to trial or entered a guilty plea. *Pillatos*, 159 Wn.2d at 470 (quoting LAWS OF 2005, ch. 68, § 4(1)). Significantly, when it amended the statute in 2007 because of our *Pillatos* decision and added the resentencing provision in subsection (2), the legislature did not alter the notice provision in subsection (1) that it had previously added. Instead, it left subsection (1) to apply to pending cases. It seems clear that the later adopted subsection (2) applies to cases already resolved through trial or guilty plea but where resentencing is necessary. We are satisfied, therefore, that the notice provision in RCW 9.94A.537(1) does not apply to the resentencing procedure in RCW 9.94A.537(2).

¶13 Our reading of the statute is supported by what we discern was the legislature's intent in enacting the 2007 amendment authorizing trial courts to impanel juries for resentencing. *See Am. Cont'l Ins. Co. v. Steen*, 151 Wn.2d 512, 518, 91 P.3d 864 (2004) (the court's primary goal in construing a statute is to determine and give effect to legislative intent). Importantly, the 2007 amendment was accompanied by the following statement:

> In *State v. Pillatos*, 159 Wn.2d 459, 150 P.3d 1130 (2007), the Washington supreme court held that the changes made to the sentencing reform act concerning exceptional sentences in chapter 68, Laws of 2005 do not apply to cases where the trials had already begun or guilty pleas had already been entered prior to the effective date of the act on April 15, 2005. The legislature intends that the superior courts shall have the authority to impanel juries to find aggravating circumstances in all cases that come before the courts for trial or sentencing, regardless of the date of the original trial or sentencing.

LAWS OF 2007, ch. 205, § 1.

¶14 In light of the foregoing, we conclude that the notice provision in RCW 9.94A.537 has no application to Powell because (1) the statute does not *require* the State to give notice of its intent to seek an exceptional sentence; (2) Powell was tried and convicted in 2002, three years prior to the 2005 enactment of the statute; and (3) the notice provision does not apply retroactively.

## III

¶15 Powell contends, additionally, that a remand for resentencing under RCW 9.94A.537 violates constitutional protections because the State did not provide him with notice before trial of the aggravating factors it would seek to show as support for an exceptional sentence. Powell's argument is based on the premise that to subject him to an exceptional sentence, the aggravating circumstances listed in RCW 9.94A.535(3) are essential elements that must be included in the information. According to Powell, the lack of pretrial notice in the information of the alleged aggravating circumstances denied him his constitutional right to know the nature and cause of the accusation against him.[1]

¶16 The state and federal constitutions require that a defendant receive adequate notice of the nature and cause of the accusation in order to allow him to prepare a defense in response to charges that he committed a crime. Article I, section 22 of Washington's constitution says that "[i]n criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him." The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation." The protection afforded by each of these constitutional provisions is the same. *State v. Hopper*, 118 Wn.2d 151, 156, 822 P.2d 775 (1992). Accordingly, to allow the defendant to prepare a defense against the aggravating circumstances listed in RCW 9.94A.535(3), the defendant must receive notice prior to the proceeding in which the State seeks to prove those circumstances to a jury.

---

[1] Although Powell did not raise the constitutional notice issue until he sought review in this court, "[a] challenge to the constitutional sufficiency of a charging document may be raised initially on appeal." *State v. Kjorsvik*, 117 Wn.2d 93, 102, 812 P.2d 86 (1991).

A

¶17 The requirement that a defendant receive notice of aggravating circumstances is similar to the requirement that a defendant be given notice of all the elements of the offense charged. This similarity does not, in our judgment, mean that the absence of an allegation of aggravating circumstances in the information violates constitutional protections. The aggravating circumstances under RCW 9.94A.535(3) are not elements of an offense. Therefore, they do not fall within the rule that all the elements of a crime must be set forth in the charging instrument pursuant to article I, section 22. Rather, notice of aggravating circumstances is required as a matter of due process. Due process is satisfied when the defendant receives sufficient notice from the State to prepare a defense against the aggravating circumstances that the State will seek to prove in order to support an exceptional sentence.

¶18 The essential elements rule was developed to ensure that the constitutional notice guaranty is fulfilled as to the underlying crime. Under this rule, the State is required to include "[a]ll essential elements of a crime, statutory or otherwise, . . . in a charging document." *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). "The primary goal of the 'essential elements' rule is to give notice to an accused of the nature of the crime that he or she must be prepared to defend against." *Id.* at 101. Essential elements consist of the statutory elements of the charged crime and a description of the defendant's conduct that supports every statutory element of the offense. *Id.* at 98.

¶19 In addition to notice, the essential elements rule also serves to ensure that an accused is charged with an offense. An accused "cannot be tried for an offense not charged." *State v. Carr*, 97 Wn.2d 436, 439, 645 P.2d 1098 (1982); *accord State v. Rhinehart*, 92 Wn.2d 923, 928, 602 P.2d 1188 (1979). The omission of any element "in the charging document is a constitutional defect which may

result in dismissal of the . . . charges." *State v. Holt*, 104 Wn.2d 315, 320, 704 P.2d 1189 (1985) (emphasis omitted). "[N]o one can legally be convicted of an offense not properly alleged." *State v. Ackles*, 8 Wash. 462, 464, 36 P. 597 (1894).

¶20 Importantly, "essential elements" include only those facts that must be proved beyond a reasonable doubt to convict a defendant of the charged crime. *See, e.g., State v. McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000). An aggravating circumstance, on the other hand, is not a fact that must be proved to convict a defendant of the charged crime. Here, for example, Powell's conviction for first degree murder does not depend on whether or not the jury finds that the aggravating circumstances alleged by the State exist beyond a reasonable doubt.

¶21 Powell cites to statements in the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) to support his claim that aggravating factors must be pleaded in the information. In *Apprendi*, the Court held that under the due process clause of the Fourteenth Amendment and the right to a jury trial under the Sixth Amendment, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The Court also said that

"under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."

*Id.* at 476 (quoting *Jones v. United States*, 526 U.S. 227, 243 n.6, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999)). The Court noted, further, that whenever a fact is used to increase a sentence "beyond the maximum authorized statutory sentence, [the fact] is the functional equivalent of an element." *Id.* at 494 n.19. According to Powell, these statements by

the Court should be read to require the State to include in the information the aggravating circumstances listed in RCW 9.94A.535(3).

¶22 However, *Apprendi* did not say that aggravating circumstances are essential elements of a crime that must be pleaded in the information under *state* law. The Court noted that it was not determining that issue since the defendant in *Apprendi* had not argued that the sentence enhancement at issue had to be included in the charging instrument. *Apprendi*, 530 U.S. at 477 n.3. The Court also noted that the Fifth Amendment grand jury clause is not applicable to the states under the Fourteenth Amendment. This is critical because the primary statement in *Apprendi* relied on by Powell is taken from *Jones*, 526 U.S. 227, a case that held that for the federal prosecution of a federal crime, facts that increase the penalty beyond the statutory maximum must be included in the indictment pursuant to the Fifth Amendment. This federal requirement does not extend to local prosecutions under Washington law when aggravating circumstances are alleged.

¶23 Furthermore, the Court's statement that a fact might be the "functional equivalent" of an element does not require that an aggravating factor must be included in the charging instrument. *Apprendi*, 530 U.S. at 494 n.19. The Court used this term when explaining that "the relevant inquiry is one not of form, but of effect—does the required finding expose the defendant to a greater punishment than that authorized by the jury's verdict?" *Id.* at 494. If it does, it "is the functional equivalent of an element"—for purposes of *Apprendi*'s holding—that must be submitted to the jury and proved beyond a reasonable doubt. However, the court did not say, nor did it imply, that by this observation it meant that such a fact is an element of the crime for purposes of the charging instrument. As explained, the Court expressly declined to address any issue regarding the charging document.

B

¶24 Opinions in two recent Washington cases dealt with the notice requirement under article I, section 22 and the Sixth Amendment. Neither opinion causes us to conclude that the aggravating circumstances listed in RCW 9.94A-.535(3) must be pleaded in the information. In *State v. Recuenco*, 163 Wn.2d 428, 434, 180 P.3d 1276 (2008), the defendant received a sentence with a firearm enhancement despite the fact that the State had not referenced the firearm enhancement in the information. Without any notice prior to trial that a sentence with a firearm enhancement would be imposed, we determined that Recuenco was not provided sufficient notice to prepare a defense. *Id.* at 441. Relying on *Apprendi*, we said that "the term ' "sentence enhancement" ' describes an increase beyond the maximum authorized statutory sentence, [and] it becomes the equivalent of an ' "element" ' of a greater offense than the one covered by the jury's guilty verdict." *Id.* at 434 (quoting *Apprendi*, 530 U.S. at 494 n.19). It is important to note that the rule that a deadly weapon or firearm enhancement must be set forth in the charging instrument preceded *Apprendi. See, e.g., In re Pers. Restraint of Bush*, 95 Wn.2d 551, 554, 627 P.2d 953 (1981). This court has so far declined to extend the sentence enhancement rule to aggravating circumstances, and we decline to do so here.

¶25 In *State v. Goodman*, 150 Wn.2d 774, 83 P.3d 410 (2004), we held that the identity of a controlled substance, which increases the statutory maximum sentence that the defendant may face upon conviction, is an essential element of the crime and must be included in the charging document. Citing *Apprendi*, we said that the identity of the controlled substance was an element because "it aggravates the maximum sentence with which the court may sentence." *Id.* at 785. This is so because the identity of a controlled substance determines the classification of the offense as a class B or C felony, which determines the

statutory maximum. The identity of the drug is therefore critical in proving the elements of the offense charged and must be set forth in the information under the essential elements rule. The identity of a drug, as an essential element of a crime, is different from an aggravating circumstance, which, as noted above, is not an essential element of a crime.

## C

¶26 As discussed above, Powell was found guilty of first degree murder following a jury trial and now faces resentencing pursuant to RCW 9.94A.537(2). The State provided notice to Powell of the first degree murder charge with a firearm enhancement prior to trial in 2002. After Powell's sentence was reversed because of *Blakely* and the case was remanded for resentencing, the State gave notice to Powell and the trial court that it would seek an exceptional sentence above the standard sentencing range.

¶27 The absence of an allegation of aggravating circumstances in the information does not prevent the imposition of an exceptional sentence because Powell received adequate notice enabling him to defend against the allegation that aggravating circumstances existed. The 2002 information contains facts and references to applicable statutes that informed Powell that he would need to prepare a defense against an accusation of first degree murder with a firearm enhancement. In the subsequent trial, the State did not seek to prove any aggravating circumstances; therefore, Powell was not prejudiced by the absence of alleged aggravating circumstances in the information.

¶28 The State's notice to Powell following remand listed six distinct aggravating circumstances along with a reference to the trial judge's findings of fact. This was adequate to put Powell on notice of the alleged aggravating circumstances that could support the statutory maximum sentence. Significantly, Powell suffered no actual prejudice from the timing of the State's notice, since at the time

Powell committed the crime set forth above, Washington's exceptional sentencing scheme was in place and provided notice of the sentence he could receive. *See Pillatos,* 159 Wn.2d at 470 (sentencing scheme gives warning of the risk of an exceptional sentence).

¶29 In sum, the absence of an allegation of aggravating circumstances in the information did not violate Powell's rights under article I, section 22 of the Washington Constitution, the Sixth Amendment to the United States Constitution, or due process. Prior to trial and following remand for resentencing, Powell was given notice of the facts that could form the basis for his sentence. These notices allowed Powell to prepare his defense. The State, therefore, fulfilled its constitutional duty.[2]

## IV

¶30 Lastly, Powell asserts that impaneling a jury to find aggravating circumstances would violate the prohibition against successive prosecutions for greater or lesser included offenses. The double jeopardy clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that no person shall " 'be subject for the same offence to be twice put in jeopardy of life or limb.' " *Brown v. Ohio,* 432 U.S. 161, 164, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977) (quoting U.S. CONST. amend. V). Powell maintains that because the State has already tried him for first degree murder, it cannot now try him for what he calls the greater included crime of first degree murder with aggravating circumstances.

¶31 We disagree with Powell because a resentencing hearing on aggravating circumstances is not a prosecution for a greater crime. Indeed, the United States Supreme Court has determined that "double jeopardy protections [are] inapplicable to sentencing proceedings because the

---

[2] We do not determine whether a defendant whose exceptional sentence was overturned due to *Blakely* would be able to withdraw a guilty plea.

determinations at issue do not place a defendant in jeopardy for an 'offense.'" *Monge v. California,* 524 U.S. 721, 728, 118 S. Ct. 2246, 141 L. Ed. 2d 615 (1998) (citation omitted). Moreover, sentencing determinations generally cannot be analogized to an acquittal. *Id.* at 729 (quoting *United States v. DiFrancesco,* 449 U.S. 117, 134, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980)). Resentencing Powell for first degree murder does not put him in jeopardy of successive prosecution for the same or greater offense. Nor does resentencing violate the mandatory joinder rule, CrR 4.3(b), because aggravating circumstances do not constitute an offense.

¶32 Resentencing under RCW 9.94A.537(2) is not "for the purpose of increasing a *valid* sentence, but rather . . . for the correction of an *erroneous* and invalid sentence." *State v. Pringle,* 83 Wn.2d 188, 194, 517 P.2d 192 (1973). Although a jury did not pass on the aggravating circumstances, the trial court did, indicating that the aggravating circumstances were supported by the evidence and that those aggravators justified an exceptional sentence. Permitting a jury to consider aggravating circumstances upon resentencing does not expose Powell to punishment for a greater offense and is, therefore, not barred by the Fifth Amendment prohibition against twice placing a person in jeopardy for the same offense. *Dobbert v. Florida,* 432 U.S. 282, 298, 97 S. Ct. 2290, 53 L. Ed. 2d 344 (1977).

V

¶33 We are satisfied that RCW 9.94A.537(2) permits the trial court to impanel a jury to consider aggravating circumstances that were relied upon in imposing the previous sentence. The decision of the Pierce County Superior Court is affirmed.

MADSEN, FAIRHURST, and J.M. JOHNSON, JJ., concur.

¶34 STEPHENS, J. (concurring) — I concur in the result reached by the lead opinion because I believe RCW

9.94A.537(2) provides a constitutionally permissible means for a trial court to impanel a jury for purposes of resentencing. I write separately, however, because the lead opinion is mistaken in its interpretation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The lead opinion interprets *Blakely* to require that aggravating factors be proved to the jury but not that they be charged in the information. Lead opinion at 684. I disagree. Any facts justifying a sentence above an offense's standard sentencing range are functionally equivalent to elements of the crime. *Blakely*, 542 U.S. at 303; *Apprendi v. New Jersey*, 530 U.S. 466, 494 n.19, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Such facts must be found by a jury beyond reasonable doubt. *Blakely*, 542 U.S. at 301.

¶35 As *Blakely* and *Apprendi* interpret it, the right to a jury trial is motivated by "two longstanding tenets of common-law criminal jurisprudence": that the truth of the State's charge against a defendant must be scrutinized by a jury and that a charge omitting " 'any particular fact which the law makes essential to the punishment is . . . no accusation' " at all. *Id.* at 301-02 (alteration in original) (quoting 1 JOEL PRENTISS BISHOP, CRIMINAL PROCEDURE § 87, at 55 (2d ed. 1872)). To the extent that aggravating factors are " 'fact[s] . . . essential to the punishment' " when they support an upward departure, they must be part of the State's formal " 'accusation' " or information. *Id.* at 301-02 & n.5 (quoting 1 BISHOP, *supra*, § 87, at 55); *accord United States v. Booker*, 543 U.S. 220, 239, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) (Stevens, J., majority in part) (interpreting trial by jury " 'to require that *the truth of every accusation*, whether preferred in the shape of indictment, information, or appeal, should afterwards be confirmed by the unanimous suffrage of twelve of [the defendant's] equals and neighbours' " (alteration in original) (quoting *Apprendi*, 530 U.S. at 477)). The lead opinion's opinion that aggravating factors are not strictly elements and thus need not be included in the information misses the motivating premise behind the jury trial right. *See Blakely*, 542 U.S. at 306

(noting that the jury trial right does not turn on the legislative decision to label aggravating factors as "elements" or "sentencing factors"). And since the requirement that aggravating factors be charged in the information inheres in the Sixth Amendment jury trial right (not Fifth Amendment due process as discussed by the lead opinion), it applies to the states and binds us in this case. I therefore agree with the dissent and would hold that the State must charge aggravating factors in the information and prove them to a jury in order to obtain an enhanced sentence. For post-*Blakely* cases, this is the rule.

¶36 However, I cannot agree with the dissent as to the consequence for cases such as this, where an enhanced sentence is invalidated under *Blakely* and resentencing is necessary. Under the dissent's reasoning, it seems impossible for the legislature to provide a resentencing procedure that meets *Blakely*'s constitutional mandate. The problem in Mr. Powell's case is that certain factors had to be charged in the information but were not. The State cannot go back in time to amend the original information, and amending it now would require retrial on the underlying offense, which was already proved to the jury and admits of no constitutional defect. The Constitution does not require the impossible.

¶37 *Blakely* mandates formal notice and a jury trial on the aggravating factor in addition to the underlying offense, and that is exactly what the legislature set out to provide with the 2007 amendment to RCW 9.94A.537. *See* LAWS OF 2007, ch. 205, § 1 (setting out a statement of purpose). This procedure respects the jury trial right as understood in *Blakely*. When the legislature's intended result serves the goals underlying a newly articulated constitutional protection, its options for how to satisfy the constitutional requirement should not be limited to retrial in full or dismissal in full. I see no reason why *Blakely* should bar the legislature's interim procedure for jury sentencing in cases that had already been tried when *Blakely* was decided. And, nothing in this case implicates due process or double

jeopardy concerns that would bar resentencing this defendant following notice of the aggravating factors that the State will seek to prove at resentencing and fact finding by a jury properly impaneled under RCW 9.94A.537(2).[3]

¶38 For these reasons, I would affirm the court below.

C. JOHNSON, J., concurs with STEPHENS, J.

■ ¶39 OWENS, J. (dissenting) — The United States and Washington Constitutions require that defendants be given notice of the essential elements of a crime prior to trial. The United States Supreme Court has stated that an essential element of a crime is one that exposes the defendant to a greater punishment than the one authorized by statute. Aggravating circumstances inherently expose a defendant to a punishment greater than the one authorized by statute, so the State is required to provide notice that it is seeking aggravating circumstances *prior* to trial. Furthermore, the plain language of RCW 9.94A.537 requires notice prior to trial when the State seeks to prove aggravating circumstances. I must dissent to the lead opinion's conclusion that a new jury panel can be impaneled for sentencing as contrary to both the United States and Washington Constitutions and the plain language of the statute, the defendant did not receive his due notice prior to trial.

I. Aggravating Circumstances Are Essential Elements of a Crime

¶40 It is long established that "essential elements of a crime, statutory or otherwise, must be included in a charging document in order to afford notice to an accused of the nature and cause of the accusation against him." *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). Recent United States Supreme Court precedent and this court's

---

[3] I do not understand the lead opinion to take any position on whether double jeopardy may bar resentencing in other factual settings not before us in this case. I also take no position.

own precedent have clarified the definition of an essential element of a crime to include any factor that exposes a defendant to punishment greater than that authorized by the jury's verdict. *See, e.g., Apprendi v. New Jersey*, 530 U.S. 466, 494, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); *State v. Recuenco*, 163 Wn.2d 428, 434, 180 P.3d 1276 (2008); *State v. Goodman*, 150 Wn.2d 774, 786, 83 P.3d 410 (2004). The lead opinion incorrectly relies on the proposition that essential elements include only those facts that must be proved beyond a reasonable doubt to *convict* a defendant of the charged crime. The lead opinion contends that since an aggravating circumstance is not a fact that must be proved beyond a reasonable doubt to convict a defendant of a crime, it is not an essential element.

¶41 The *Apprendi* case showed that facts can indeed be essential elements even absent the requirement that they be proved beyond a reasonable doubt to *convict* a defendant of the charged crime. In *Apprendi*, the United States Supreme Court found that the key distinction as to whether a factor becomes an essential element of the crime is when it "expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict." 530 U.S. at 494. Furthermore, the Court stated that " 'any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.' " *Id*. at 476 (quoting *Jones v. United States*, 526 U.S. 227, 243 n.6, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999)).

¶42 The United States Supreme Court later clarified its holding in *Apprendi*, stating that "[o]ur precedents make clear, however, that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The Court further stated that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may

impose *without* any additional findings." *Id.* at 303-04. Essentially, *Apprendi* and *Blakely* instruct us that essential elements of a crime include not only those facts needed to prove that a crime was committed, but also those facts used to increase the maximum penalty of a crime. The lead opinion's holding that aggravating circumstances are not essential elements of a crime is therefore directly contrary to United States Supreme Court precedent, as aggravating circumstances increase the maximum penalty beyond the statutory maximum and must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt. The key here is that essential elements include *not only* those facts that must be proved beyond a reasonable doubt to convict a defendant of a crime, *but also* those facts that increase the penalty beyond the statutory maximum.

¶43 Though federal precedent is sufficient to address this issue, previous precedent from this court should also guide our actions. Though this court has never explicitly dealt with the issue of whether an aggravating circumstance is an essential element of a crime that must be detailed in a charging document, this court has dealt with related matters on several occasions. In *Recuenco*, this court held that a sentencing enhancement stemming from a weapons violation had to be included in an information so as "to provide defendants with notice of the crime charged and to allow defendants to prepare a defense." 163 Wn.2d at 434. In that case, the sentencing enhancement would add an additional two years to the defendant's sentence. *Id.* at 436. This court relied on *Apprendi* to find that where a sentence enhancement increases the maximum authorized statutory sentence, it becomes equivalent to an element of the offense. *Id.* at 434 (citing *Apprendi*, 530 U.S. at 494 n.19). This court explicitly stated that " '[w]hen prosecutors seek enhanced penalties, notice of their intent must be set forth in the information.' " *Id.* at 435 (alteration in original) (quoting *State v. Theroff*, 95 Wn.2d 385, 392, 622 P.2d 1240 (1980)).

¶44 In *Goodman*, this court again noted that any fact that increased the penalty for a crime beyond the statutory

maximum must be charged in an information. 150 Wn.2d at 786. In that case, this court held that where the identity of a particular controlled substance (methamphetamine) increased the maximum sentence from 5 years to 10 years, the substance's identity must be alleged in the information. *Id.* It is important to note that this court explicitly based its ruling on *Apprendi*'s holding that any fact that increases a penalty beyond a statutory maximum must be alleged in the information. *Id.* This court made its decision because the identity of methamphetamine increased the possible punishment, just as *Apprendi* instructed.

¶45 Precedent from both the United States Supreme Court and our court establishes that where a fact increases the potential punishment beyond the statutory maximum, it must be detailed in the information. In the instant case, the aggravating circumstances listed in RCW 9.94A.535(3) permit the court to impose a sentence beyond the prescribed statutory maximum, just like the sentence enhancement from *Recuenco* and the controlled substance's identity from *Goodman*. All of these factors expose defendants to increased punishment beyond the statutory maximum. Thus, the aggravating circumstances must be considered essential elements of the crime.

## II. Notice after Trial Does Not Constitute Due Process

¶46 The Sixth Amendment to the United States Constitution gives every defendant the right "to be informed of the nature and cause of the accusation." The Washington State Constitution also provides that a defendant has the right "to demand the nature and cause of the accusation against him." WASH. CONST. art. I, § 22. This court has consistently interpreted these provisions to require that the State must give the defendant notice of the essential elements of the crime prior to trial. *See, e.g.*, *Recuenco*, 163 Wn.2d at 440-41 ("to ensure due process, the notice of the charge on which a defendant will be tried must be logically given at some point prior to the opening statements of the trial"); *State v. McCarty*, 140 Wn.2d 420,

427, 998 P.2d 296 (2000) (holding that the notice of a charge must be provided prior to trial); *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995) (holding that all essential elements of a crime must be in the charging document "so as to apprise the accused of the charges against him or her and to allow the defendant to prepare a defense").

¶47 The lead opinion apparently believes that constitutional due process is satisfied because the 2002 information referenced a statute that referenced the "aggravating circumstance" statute and because Terrance Powell received notice of the aggravating circumstances *after* trial. Lead opinion at 686-87. At no time prior to trial, however, was Powell ever provided notice that the State would be alleging aggravating circumstances. The State never informed Powell prior to trial what aggravating circumstances he would have to defend against at trial. This was simply not adequate "to apprise the accused of the charges against him or her and to allow the defendant to prepare a defense." *Vangerpen*, 125 Wn.2d at 787. Defendants must be given notice of the nature and cause of the accusation, including *all* essential elements of a crime *before* they have been convicted, not after. Since aggravating circumstances are essential elements of a crime that must be charged in an information, submitted to a jury, and proved beyond a reasonable doubt, in the absence of such notice, I must respectfully dissent.

III.  RCW 9.94A.537 Plainly Requires Notice of Aggravating Circumstances

¶48 In addition to being unconstitutional, the State's failure to provide notice of aggravating circumstances in the information is also contrary to the plain language of RCW 9.94A.537. When interpreting the meaning of statutes, "we must derive our understanding of the legislature's intent from the plain language before us, especially in matters of criminal sentencing." *State v. Delgado*, 148 Wn.2d 723, 730, 63 P.3d 792 (2003). We read statutes as a

whole to give effect to all of the language and to harmonize all provisions. *City of Seattle v. Fontanilla*, 128 Wn.2d 492, 498, 909 P.2d 1294 (1996).

¶49 RCW 9.94A.537 as a whole addresses six different concerns in imposing exceptional sentences, including notice, impaneling juries, standard of proof, etc.[4] Contrary to the lead opinion's assertion, these subsections are not alternative requirements. They are not separated by the word "or" and each one outlines an important aspect of the process of exceptional sentencing. Further, when the legis-

---

[4] The full language of RCW 9.94A.537 reads:

(1) At any time prior to trial or entry of the guilty plea if substantial rights of the defendant are not prejudiced, the state may give notice that it is seeking a sentence above the standard sentencing range. The notice shall state aggravating circumstances upon which the requested sentence will be based.

(2) In any case where an exceptional sentence above the standard range was imposed and where a new sentencing hearing is required, the superior court may impanel a jury to consider any alleged aggravating circumstances listed in RCW 9.94A.535(3), that were relied upon by the superior court in imposing the previous sentence, at the new sentencing hearing.

(3) The facts supporting aggravating circumstances shall be proved to a jury beyond a reasonable doubt. The jury's verdict on the aggravating factor must be unanimous, and by special interrogatory. If a jury is waived, proof shall be to the court beyond a reasonable doubt, unless the defendant stipulates to the aggravating facts.

(4) Evidence regarding any facts supporting aggravating circumstances under RCW 9.94A.535(3) (a) through (y) shall be presented to the jury during the trial of the alleged crime, unless the jury has been impaneled solely for resentencing, or unless the state alleges the aggravating circumstances listed in RCW 9.94A.535(3) (e)(iv), (h)(i), (o), or (t). If one of these aggravating circumstances is alleged, the trial court may conduct a separate proceeding if the evidence supporting the aggravating fact is not part of the res geste [sic] of the charged crime, if the evidence is not otherwise admissible in trial of the charged crime, and if the court finds that the probative value of the evidence to the aggravated fact is substantially outweighed by its prejudicial effect on the jury's ability to determine guilt or innocence for the underlying crime.

(5) If the superior court conducts a separate proceeding to determine the existence of aggravating circumstances listed in RCW 9.94A.535(3) (e)(iv), (h)(i), (o), or (t), the proceeding shall immediately follow the trial on the underlying conviction, if possible. If any person who served on the jury is unable to continue, the court shall substitute an alternate juror.

(6) If the jury finds, unanimously and beyond a reasonable doubt, one or more of the facts alleged by the state in support of an aggravated sentence, the court may sentence the offender pursuant to RCW 9.94A.535 to a term of confinement up to the maximum allowed under RCW 9A.20.021 for the underlying conviction if it finds, considering the purposes of this chapter, that the facts found are substantial and compelling reasons justifying an exceptional sentence.

lature intends for one of the six provisions to apply only in certain circumstances, it says so. *See* RCW 9.94A.537(2) ("where a new sentencing hearing is required"); RCW 9.94A.537(5) ("If the superior court conducts a separate proceeding"). Subsection (1), the notice provision, contains no such qualifying language. Therefore, even in the absence of the constitutional provisions, the statute requires pretrial notice in all cases where the State seeks to present aggravating circumstances.

IV. Conclusion

¶50 The right to notice is guaranteed under both the federal and state constitutions. It is a critical right that guarantees that defendants have the knowledge and ability to effectively defend themselves. This is not a right that should be taken away lightly. Powell did not receive proper notice of the State's intention to use aggravating circumstances, so based on both constitutional requirements and the plain meaning of the statute, I must respectfully dissent.

SANDERS and CHAMBERS, JJ., concur with OWENS, J.

Reconsideration denied March 8, 2010.