
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, ) | DIVISION ONE |
| ) | |
| Respondent, ) | |
| ) | No. 69102-3-I |
| v. ) | |
| ) | UNPUBLISHED OPINION |
| ARTHUR EUGENE BUZZELLE, ) | |
| ) | |
| Appellant. ) | FILED: November 12, 2013 |
| ) | |

DWYER, J. — Arthur Buzzelle appeals from the exceptional sentence imposed upon him for one count of rape of a child in the first degree and one count of child molestation in the third degree. Buzzelle contends that the trial court's sentencing determination should be reversed and the cause remanded for sentencing within the standard range. This is so, Buzzelle asserts, because the trial court should have found facts supporting the aggravating circumstances in the same proceeding in which it found facts supporting his guilty plea. Additionally, Buzzelle avers that the Supreme Court's holding in State v. Siers, 174 Wn.2d 269, 274 P.3d 358 (2012), is contrary to the constitution and, accordingly, the State was required to arraign him on the amended information alleging the aggravating circumstances. Because this court has no authority to

overrule decisions made by the Supreme Court and because the trial court did not err in the procedures utilized in imposing the exceptional sentence, we affirm.

I

On January 13, 2012, the State charged Buzzelle with one count of rape of a child in the first degree and one count of child molestation in the third degree, based on a series of sexual encounters between Buzzelle and his daughter A.M.B.[1] On May 25, 2012, the State moved for leave to amend the information in order to provide Buzzelle with notice of the State's intent to argue for an exceptional sentence. The motion set forth the following aggravating factors with respect to both counts:

- Deliberate cruelty - RCW 9.94A.535(3)(a);

- Particularly vulnerable victim - RCW 9.94A.535(3)(b);

- Ongoing pattern of sexual abuse - RCW 9.94A.535(3)(g);

- Domestic violence - RCW 9.94A.535(3)(h);

- High degree of sophistication - RCW 9.94A.535(3)(m);

- Abuse of trust - RCW 9.94A.535(3)(n);

- Impact on persons other than victim - RCW 9.94A.535(3)(r).

Buzzelle pleaded guilty to both counts on May 29, 2012. At the plea hearing, the State withdrew the motion to amend, but indicated that it still intended to seek an exceptional sentence based on the aggravating factors it had alleged. Defense counsel indicated that Buzzelle agreed "that the State has

---

[1] As A.M.B. is a minor, we refer to her by her initials.

given us notice that they will seek to prove the aggravators and to seek an exceptional sentence based on those at sentencing. . . . [W]e agreed that that is sufficient notice for them to make these arguments at sentencing." The trial court confirmed with Buzzelle his understanding that "the issue of whether there are any aggravating circumstances which the Court should take into account in this case in determining your sentence can be considered at the time of your sentencing," and that Buzzelle retained the right to a jury for that hearing. The trial court then found that Buzzelle entered his guilty plea knowingly, intelligently, and voluntarily, and that the plea was supported by a sufficient factual basis. The trial court set the sentencing hearing for July 5, 2012.

Buzzelle waived his right to a jury for the sentencing hearing. At the hearing, Buzzelle submitted a stipulation of facts with attached documents, including the probable cause determination, witness statements, and a transcript of the Island County Sheriff's Office's interview with A.M.B. Buzzelle contended that he should be considered for a Special Sex Offender Sentencing Alternative (SSOSA). The trial court declined to grant the SSOSA request, basing its decision on the victim's wishes and the seriousness of the circumstances of the offenses.

The trial court then considered whether the stipulated facts supported any of the aggravating factors alleged by the State, and found that all seven aggravating circumstances were present in this case and that an exceptional sentence was justified. The trial court also ruled that any one of the aggravating

- 3 -

circumstances would sufficiently support the exceptional sentence. Thereupon, the trial court sentenced Buzzelle to a minimum of 240 months of confinement.

Buzzelle appeals.

## II

Buzzelle first contends that the trial court erred by finding facts supporting the aggravating factors at a proceeding that took place after the guilty plea was entered. This is so, he contends, because RCW 9.94A.537(4) mandates that facts must be found for the underlying crime and for the aggravating factors in the same proceeding. We disagree.

Buzzelle does not assign error to any of the findings of fact or conclusions of law entered by the trial court. Rather, Buzzelle contends that the trial court utilized an improper procedure in determining that an exceptional sentence was warranted. "Resolution of this issue . . . requires interpretation of a section in Washington's Sentencing Reform Act of 1981, chapter 9.94A RCW, pertaining to aggravating circumstances that raise a sentence above the standard range. Statutory interpretation is a legal question, which we . . . review de novo on appeal." Siers, 174 Wn.2d at 274.

Washington's Sentencing Reform Act governs the requirements for exceptional sentences. According to RCW 9.94A.537(3):

> The facts supporting aggravating circumstances shall be proved to a jury beyond a reasonable doubt. The jury's verdict on the aggravating factor must be unanimous, and by special interrogatory. If a jury is waived, proof shall be to the court beyond a reasonable doubt, unless the defendant stipulates to the aggravating facts.

No. 69102-3-I/5

Washington enacted this statute to comply with the holding of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>See</u> Laws of 2005, ch. 68, § 1 ("The legislature intends to conform the sentencing reform act, chapter 9.94A RCW, to comply with the ruling in <u>Blakely v. Washington</u> . . . .").[2]

Buzzelle contends that RCW 9.94A.537(4) mandates that the trial court find facts supporting aggravating circumstances at the same proceeding in which it finds facts supporting a guilty plea. RCW 9.94A.537(4) reads:

> Evidence regarding any facts supporting aggravating circumstances under RCW 9.94A.535(3)(a) through (y) shall be presented to the jury during the trial of the alleged crime, unless the jury has been impaneled solely for resentencing, or unless the state alleges the aggravating circumstances listed in RCW 9.94A.535(3)(e)(iv), (h)(i), (o), or (t). If one of these aggravating circumstances is alleged, the trial court may conduct a separate proceeding if the evidence supporting the aggravating fact is not part of the res geste of the charged crime, if the evidence is not otherwise admissible in trial of the charged crime, and if the court finds that the probative value of the evidence to the aggravated fact is substantially outweighed by its prejudicial effect on the jury's ability to determine guilt or innocence for the underlying crime.

RCW 9.94A.537(4), by its plain language, expressly contemplates a jury trial as a predicate to its application: "Evidence regarding any facts supporting aggravating circumstances under RCW 9.94A.535(3)(a) through (y) shall be presented *to the jury during the trial* of the alleged crime." RCW 9.94A.537(4) (emphasis added).

---

[2] In <u>Blakely v. Washington</u>, 542 U.S. 296, 305, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the United States Supreme Court held that Washington's statutory sentencing procedure violated the Sixth Amendment rights articulated in <u>Apprendi</u>.

- 5 -

Moreover, RCW 9.94A.537(4) must be read in conjunction with RCW 9.94A.537(3). State v. Pillatos, 159 Wn.2d 459, 477, 150 P.3d 1130 (2007) (statues must be read as a whole). RCW 9.94A.537(3) provides for a jury trial as the default sentencing procedure, but allows for the waiver of this procedural right.[3]

In State v. Pillatos, the Supreme Court held that RCW 9.94A.537 "provides specific procedures for trying aggravators *to juries*," not that an allegation of aggravating circumstances precluded the defendant from pleading guilty. 159 Wn.2d at 478 (emphasis added). The court noted that "[n]othing in that language [RCW 9.94A.535(3)] restricts sentencing-juries to guilt-phase juries." Pillatos, 159 Wn.2d at 478. Rather, "the act does not limit sentencing-juries to cases where the defendant pleads not guilty." Pillatos, 159 Wn.2d at 478. Where a defendant pleads guilty, the legislature intends for the trial court to impanel a jury to determine the existence of aggravating circumstances.[4] Pillatos, 159 Wn.2d at 477. Here, the trial court advised Buzzelle of his right to have a jury determine the existence of aggravating circumstances. Buzzelle waived that right at the sentencing hearing.[5] Buzzelle fails to establish any error in this procedure.

---

[3] "The facts supporting aggravating circumstances shall be proved to a jury beyond a reasonable doubt. . . . If a jury is waived, proof shall be to the court beyond a reasonable doubt, unless the defendant stipulates to the aggravating facts." RCW 9.94A.537(3).

[4] The legislature overturned part of Pillatos by statute; however, this holding was left intact. See Laws of 2007, ch. 205, § 1.

[5] The right to have a jury determine the existence of aggravating circumstances is waivable. Blakely, 542 U.S. at 310; State v. Dillon, 142 Wn. App. 269, 275, 174 P.3d 1201 (2007).

Nevertheless, Buzzelle contends that because he did not stipulate that the details of his crime constituted aggravating circumstances, State v. Hagar[6] necessitates reversal. We disagree. In that case, Hagar pleaded guilty to three counts of theft in the first degree and stipulated to "the facts set forth in the certification for probable cause, the prosecutor's summary, and the facts set forth in an appendix to the agreement." Hagar, 158 Wn.2d at 371-72. The trial court conducted the sentencing hearing and found that Hagar's crimes constituted a "major economic offense," an aggravating circumstance. Hagar, 158 Wn.2d at 372. The Supreme Court overturned Hagar's exceptional sentence because it "was predicated on an unstipulated fact that was not found by a jury beyond a reasonable doubt," in violation of Blakely.[7] Hagar, 158 Wn.2d at 374. However, Hagar was sentenced before RCW 9.94A.537 was amended to provide a mechanism for impaneling a jury to determine the existence of aggravating circumstances. Hagar, 158 Wn.2d at 372. Having been sentenced under the old statutory scheme, Hagar was never advised of his right to a jury trial for sentencing purposes. Hagar, 158 Wn.2d at 373 ("Hagar entered into his plea agreement with the understanding that Washington's sentencing scheme permits a trial judge to engage in fact finding, and if the judge finds substantial and compelling reasons, he or she may impose an exceptional sentence beyond the standard range."). Accordingly, Hagar is inapposite.

---

[6] 158 Wn.2d 369, 144 P.3d 298 (2006).

[7] Blakely applied because Hagar's case was on direct appeal at the time Blakely was decided. Hagar, 158 Wn.2d at 373.

The trial court did not err when it conducted the sentencing hearing at a proceeding subsequent to that in which it accepted Buzzelle's guilty plea.[8]

III

Buzzelle next contends that the trial court erred by imposing an exceptional sentence because the State did not charge the aggravating factors in the information. This is so, he contends, because the State must charge aggravating factors in the information in order for notice to be constitutionally sufficient. We disagree.

This court "review[s] allegations of constitutional violations de novo." Siers, 174 Wn.2d at 273-74. In order to satisfy the due process protections provided by the state and federal constitutions, "the defendant must receive notice prior to the proceeding in which the State seeks to prove [aggravating] circumstances to a jury," such that he be allowed "to 'mount an adequate defense' against" those circumstances. Siers, 174 Wn.2d at 277 (quoting State v. Schaffer, 120 Wn.2d 616, 620, 845 P.2d 281 (1993)). Washington has codified this requirement as follows:

> At any time prior to trial or entry of the guilty plea if substantial rights of the defendant are not prejudiced, the state may give notice that it is seeking a sentence above the standard sentencing range. The notice shall state aggravating circumstances upon which the requested sentence will be based.

---

[8] The parties dispute what the proper remedy is in the event of reversal. Given that we perceive no error in the trial court's actions, we need not reach this issue.

RCW 9.94A.537(1). Buzzelle contends that in order to satisfy due process, aggravating factors must appear in the information and the defendant must be arraigned on them.

Buzzelle's contention has been squarely addressed and rejected by the Washington Supreme Court.

> [S]o long as a defendant receives constitutionally adequate notice of the essential elements of a charge, "the absence of an allegation of aggravating circumstances in the information [does] not violate [the defendant's] rights under article I, section 22 of the Washington Constitution, the Sixth Amendment to the United States Constitution, or due process."

Siers, 174 Wn.2d at 276-77 (alterations in original) (quoting State v. Powell, 167 Wn.2d 672, 687, 223 P.3d 493 (2009)).

Here, Buzzelle received notice prior to pleading guilty that the State intended to seek an exceptional sentence. The State provided Buzzelle with a list of the aggravating circumstances that the State intended to prove. Moreover, Buzzelle acknowledged that he had received notice from the State, and even agreed that the notice was sufficient to satisfy due process.

Nevertheless, Buzzelle contends that aggravating factors must appear in the information in order to satisfy due process, and requests that we rule that the Supreme Court's holding in Siers is unconstitutional under the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution. This we decline to do. "This court is not in a position to overturn a decision of the Washington Supreme Court. If [Supreme Court precedent] is to be changed, that court must do so. This court lacks that authority." State v.

<u>Lawrence</u>, 166 Wn. App. 378, 392-93, 271 P.3d 280 (2012) (citing <u>State v. Gore</u>, 101 Wn.2d 481, 487, 681 P.2d 227 (1984)), <u>review denied</u>, 174 Wn.2d 1009 (2012).

A federal circuit court has well expressed why it is that courts of appeal should be loathe to accept an entreaty that a Supreme Court case was wrongly decided:

> If a court of appeals could disregard a decision of the Supreme Court by identifying, and accepting, one or another contention not expressly addressed by the Justices, the Court's decisions could be circumvented with ease. They would bind only judges too dim-witted to come up with a novel argument.

<u>Nat'l Rifle Ass'n of Am., Inc. v. City of Chicago, Ill.</u>, 567 F.3d 856, 858 (7th Cir. 2009), <u>rev'd on other grounds sub nom</u>, <u>McDonald v. City of Chicago, Ill.</u>, 561 U.S. __, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010).

Buzzelle received notice, prior to pleading guilty, of the State's intention to seek an exceptional sentence. His due process rights were not violated.

Affirmed.

_Dwyer, J._

We concur:

_Spearman, A.C.J._

_Becker, J._