OPINION OF THE COURT
Rena K. Uviller, J.
Defendant has been indicted for first degree sexual abuse and related crimes. He moves to dismiss two special informations, claiming a violation of due process principles set forth in Apprendi v New Jersey (530 US 466 [2000]). He asserts an Apprendi violation in that New York’s sentencing scheme for repeat child sex offenders augments his maximum sentence without requiring that the grand jury be instructed that the victim’s age is an element of the crime. {See, defendant’s motion to dismiss U 13.) His claim that the special informations authorized by New York’s child sex offender statute are unconstitutional appears to be one of first impression.
Context of the Apprendi Claim
The underlying indictment charges defendant with three counts of first degree sexual abuse (Penal Law § 130.65 [1]) and one count of endangering the welfare of a child (Penal Law § 260.10 [1]). It alleges that on three separate occasions on a single date, July 2, 2002, the defendant subjected “another person to sexual contact * * * [b]y forcible compulsion.” (Penal Law § 130.65 [1].)
Subsequent to filing the indictment, the People filed two special informations. The first special information (hereafter referred to as SI [1]) alleges that the victim in the instant case is less than 15 years of age. The second special information (hereafter referred to as SI [2]) alleges that previously, in 1985, the defendant had been convicted of sodomy, and that the victim in that case was also a child. {See, CPL 400.19.)
*80 SI (1) is authorized by the Sexual Assault Reform Act (SARA)[1] in conjunction with CPL 200.62. These statutes provide, in substance, that whenever a person is charged with a sex offense as defined in article 130 of the Penal Law, and the victim’s age is not an element of the offense, the indictment may be accompanied by a special information alleging that the victim was in fact less than 15 years old. (CPL 200.62.) If the accused does not concede the victim’s age, it must be proved to the jury beyond a reasonable doubt. (CPL 200.62 [2] [b].)[2]
SI (2) was filed in accordance with CPL 400.19 (2), which (read together with SARA) provides that whenever a person is charged with a sex offense against a person under the age of 15, the People may file a special information alleging that he has previously been convicted of a sex offense against a child.
The combined effect of the two special informations in this case is as follows: If the defendant is convicted of first degree sex abuse and the jury determines (or the defendant concedes) that the victim was less than 15 years old, and the court determines that he was previously convicted of a child sex offense, his maximum potential sentence is increased from 7 years to 15 years. {See, Penal Law § 70.07 [4] [e]; § 70.06 [3] [d].)[3] If the People cannot demonstrate that the 1985 conviction involved a child (and the People concede they may be unable to prove the previous victim’s age), defendant would not be subject to an increased maximum sentence upon conviction of the crimes charged in the instant indictment.
However, a finding, by virtue of SI (1), that the instant victim is under 15 would preserve that fact for purposes of future sentencing, should defendant again in the future be convicted of a child sex offense. It would thus subject him to an enhanced penalty for any future child sex crime. That is, a factual finding in the instant case that the victim is under 15, preserved by SI (1), could be used to increase the maximum sentence should defendant be convicted again in the future of another sexual assault against a child.
Accordingly, dismissal of SI (1) would serve not only to render defendant ineligible for enhanced sentencing in the case *81 at bar (assuming the court could find that the 1985 victim was also a child), but perhaps more importantly, dismissal of SI (1) would insulate defendant from enhanced sentencing for any future child sex crime.
The gravamen of defendant’s motion to dismiss SI (1), as noted earlier, is that it adds an element to the crime, to wit, the victim’s age, which subjects him to graver punishment (either in this case or in any future case) than the crime for which the grand jury indicted him. Relying upon Apprendi and its progeny, he argues that the People were obliged to instruct the grand jury that it had to find that the victim was younger than 15 before it could return an indictment for first degree sex abuse, even though the definition of that crime (Penal Law § 130.65 [1]) is silent regarding the victim’s age. (See, defendant’s motion to dismiss ffij 14-17.)
Defendant further contends that as a de facto element of the crime, the People were also obliged to plead the victim’s age in the indictment. (See, defendant’s motion to dismiss ffl] 16-17.)
SARA
When the Legislature enacted SARA, one of its purposes was to enhance the maximum sentence against repeat child sex offenders. (See, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 70, 2003 Supp Pamph, at 88-89.) Since there is no crime in the Penal Law entitled “sexual assault against a child,” the Legislature created that term and defined it to include certain sex felonies which do not necessarily contain the age of the victim as an element of the crime, but which, in fact, were committed against children. (Id.) Accordingly, “[a] ‘sexual assault against a child’ means a felony offense, (a) the essential elements of which include the commission or attempted commission of sexual conduct as defined in [Penal Law § 130.00 (10)], (b) committed or attempted to be committed against a child less than fifteen years old.” (Penal Law § 70.07 [2].)
Because article 130 does contain several crimes in which the victim’s age is not an element (as in the case at bar),[4] the Legislature provided for the victim’s age to be adjudicated *82 through the special information procedure invoked here. The statute also provides that the victim’s age, as set forth in the special information (i.e., in SI [1]) must, unless conceded by the defendant, be proved beyond a reasonable doubt to a jury. (CPL 200.62 [2] [b].)[5] By requiring that the victim’s age be proved, the Legislature was clearly cognizant of the Apprendi doctrine, announced just three months earlier, which required that “any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” (Apprendi at 490; see also, Donnino, Practice Commentary, supra.)
Constitutional Concerns: Apprendi and Its Progeny
As a threshold matter, defendant must overcome the presumption of constitutionality in order to prevail in his claim that SARA, on its face and in its application to him, violates due process of law. Anyone seeking to nullify a statute as unconstitutional bears the heavy burden of proving its invalidity beyond a reasonable doubt. (People v Tichenor, 89 NY2d 769, 773 [1997]; LaValle v Hayden, 98 NY2d 155, 161 [2002].) “Courts must avoid, if possible, interpreting a presumptively valid statute in a way that will needlessly render it unconstitutional.” (LaValle at 161.)
Apprendi involved a New Jersey hate crime statute which permitted the sentencing court to impose an enhanced maximum sentence upon finding that the crime for which the defendant was convicted was motivated by bias. The United States Supreme Court struck the New Jersey bias statute because it authorized that the determination of racist motivation be made by the judge alone, rather than proved to a jury beyond a reasonable doubt. In so ruling, the Court held that any fact that extends the outer parameter of punishment is a de facto element of the crime, and that the Sixth Amendment right to jury trial is abridged if it is not submitted and proved to a jury beyond a reasonable doubt. The teaching of Apprendi thus is that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” (Apprendi, supra at 490.)
Applying Apprendi, the Supreme Court reviewed an Arizona death penalty statute that made a defendant death penalty *83 eligible upon conviction for felony murder, but only upon determination, inter alia, that he was the actual killer. (Ring v Arizona, 536 US 584 [2002].) The Arizona statute reposed that finding with the judge, albeit after a sentencing hearing. Because the statute removed that crucial finding from the jury’s purview, the Court struck it as a violation of the right to a jury trial. The Fifth Circuit, likewise relying on Apprendi, overturned a federal carjacking conviction where the statute empowered the court, and not the jury, to find “gang involvement,” thus raising the maximum sentence by up to 10 years. (United States v Matthews, 312 F3d 652 [2002].)
Continuing the Apprendi analysis, in Harris v United States (536 US 545 [2002]), the Supreme Court distinguished between factors extending the minimum, as distinguished from the maximum, sentence. (Id. at 566.) It reviewed the federal drug trafficking statute, which extended the minimum sentence if the court found that a gun had been “brandished” during the crime. Sustaining the conviction, the Court held that although factors extending the outer, or maximum, parameters of a sentence are elements which must be pleaded in (federal) indictments and proved to a jury, those factors extending the minimum penalty are sentencing considerations, properly left to the court alone. (Id. at 568.)
This brief review of Apprendi and some of its progeny clearly demonstrates that the use of SI (1) as a means of submitting the victim’s age to the trial jury does not violate Apprendi principles. SARA and CPL 200.62 expressly provide that the victim’s age must be proved to the trial jury beyond a reasonable doubt unless the defendant concedes her age as set forth in SI (1). It does not remove the determination of the victim’s age from the trial jury’s consideration.
Defendant’s claim that the People were required to instruct the grand jury regarding the victim’s age, that the grand jury was required to pass upon it, and that age had to be pleaded in the indictment, finds no support in Apprendi or in any case relying upon it. Apprendi and Harris (supra) involved federal prosecutions and thereby implicated federal grand jury procedure and pleading. The Fifth Amendment’s Grand Jury Clause, it is well established, is not applicable to the states. (Hurtado v California, 110 US 516 [1884]; Albright v Oliver, 510 US 266 [1994]; People v Iannone, 45 NY2d 589, 594 [1978].) Indeed, the Fifth Circuit has expressly exempted state grand juries and state pleadings from the Apprendi doctrine:
“There are actually two rules of Apprendi, because *84 the Fifth Amendment’s Grand Jury Clause, alone among the Bill of Rights, has not been applied to the states through the Fourteenth Amendment’s Due Process Clause. Thus, the rule of Apprendi as applied to the states is that ‘other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.’ Apprendi, 530 U.S. at 490. We cite the federal version of the rule here, because the Grand Jury Clause applies to Mathews’s federal crime.” (Matthews, supra at 662 n 12 [emphasis added].)
New York Requirements
The defendant argues that under New York law, the fact that the victim was under age 15 should have been pleaded in the indictment to apprise him of the heaviest punishment he could receive if convicted. {See, defendant’s motion to dismiss 1117.)
The purpose of an indictment in New York is to inform a defendant of the charges against him, to protect him or her from double jeopardy, and to notify the trial jury what facts it must decide. (People v Iannone, supra; People v Sanchez, 84 NY2d 440 [1994]; People v Nichols, 193 AD2d 764 [1993], lv denied 82 NY2d 723 [1993].) These essential requirements, the Court of Appeals has instructed, need not be realized solely by the indictment itself. “ ‘The determination of whether sufficient specificity to adequately prepare a defense has been provided * * * by the indictment and the bill of particulars must be made on an ad hoc basis by considering all the relevant circumstances’ ” (People v Sanchez, supra at 445, citing People v Morris, 61 NY2d 290, 295 [1984] [emphasis added].)
In this case, the indictment charges defendant with first degree sexual abuse in that on July 2, 2002 he subjected the victim to sexual contact by forcible compulsion. The bill of particulars sets forth the exact location of the crime, the specific acts constituting each of the three separate sex abuse charges, and specifies the victim’s age as 13. Further, because SI (1) reiterates that the victim in this case is less than 15, it alerts defendant that his maximum sentence exposure may be impacted by her age. Thus, the provisions of SARA and CPL 200.62, together with the indictment and bill of particulars are more than sufficient in providing defendant with specific notice *85 of the charges, for protection from double jeopardy, and for advising the trial jury what facts must be proved beyond a reasonable doubt.
It is also noteworthy that in this case the victim’s mother, in response to an inquiry from the prosecutor, informed the grand jury that the victim was 13 years old. That the prosecutor elicited the victim’s age in order to satisfy the statutory elements of the child endangerment charge (Penal Law § 260.10 [1]) is irrelevant. The fact is that in this case the grand jury did receive evidence of her age.
Accordingly, New York’s statutory scheme, which authorizes the victim’s age to be pleaded by special information (here SI [1]) conforms, both on its face and as applied here, to federal and state constitutional requirements.
Special Information 2
The defendant also seeks dismissal of SI (2), which alleges that he was previously convicted in 1985 of a sex crime (first degree sodomy) and that the victim was a child. The People correctly argue that since defendant has not yet been convicted under the instant indictment, it is premature at this stage to litigate his status as a predicate child sex offender. In this regard, however, it is noteworthy that Apprendi has expressly exempted “the fact of a prior conviction” from trial jury consideration, although the determination of a prior conviction does indeed increase a defendant’s maximum sentence. (See, Apprendi, supra at 486-490; Jones v United States, 526 US 227, 243 [1999].)
Accordingly, because it is prematurely presented, the issue of whether SI (2) meets constitutional standards is deferred.
Conclusion
Defendant’s motion to dismiss SI (1) is hereby denied. CPL 200.62 conforms to both federal and New York constitutional requirements. The defendant’s motion to dismiss SI (2) is denied without prejudice.

. Penal Law § 70.07.

. The CPL also provides that such an information is unnecessary when the victim’s age is an element of the offense. (CPL 200.62 [1].)

. As a second violent sexual felony offender (rather than a second child felony offender), a conviction for sexual abuse in the first degree (a D felony), would subject the defendant to a maximum determinate sentence of imprisonment of five to seven years. (Penal Law § 70.04 [3] [c].)

. Examples of other article 130 crimes that do not include age as an element are: sexual misconduct (Penal Law § 130.20); rape in the first, second and third degrees (Penal Law § 130.35 [1], [3]; § 130.30 [2]); sodomy in the first, second and third degrees (Penal Law § 130.50 [1], [2]; § 130.45 [2]; § 130.40 [1], [3]); and second and third degree sexual abuse (Penal Law § 130.60 [1]; § 130.55).

. CPL 400.19 sets forth an additional procedure, invoked here by the SI (2), for determining whether a defendant convicted of “sexual assault upon a child” is a “second child sexual assault felony offender.”