593 S.E.2d 178

**The STATE, Respondent,**

v.

**Alvin SIMUEL, Appellant.**

**No. 3735.**

Court of Appeals of South Carolina.

Submitted Dec. 8, 2003.

Decided Feb. 2, 2004.

Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia; for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General W. Rutledge Martin, of Columbia; Solicitor Warren Blair Giese, of Columbia; for Respondent.

HEARN, C.J.:

Alvin Simuel was convicted and sentenced to thirty months imprisonment for escaping from the Kirkland Correctional Center. He appeals, asserting the trial judge erred in sentencing him to an enhanced penalty when the enhancement element was neither charged in the indictment nor submitted to the jury. We reverse and remand.

## FACTS

While serving a fifteen-year sentence for armed robbery, Simuel escaped from the Kirkland Correctional Center in January 1976. In 1999, he was apprehended by authorities in Massachusetts. After extradition to South Carolina, Simuel

was indicted for escape. The body of the indictment read: "That Alvin Simuel did in Richland County on or about January 25, 1976, unlawfully escape or attempt to escape from lawful confinement or custody, to wit: escape while serving time for armed robbery at the Kirkland Correctional Center on 4344 Broad River Road."

The statutory section in effect in January 1976 regarding escape read, in relevant part, as follows:

It shall be unlawful for any person, being lawfully confined in any prison ... to escape ... and any person so doing ... shall be guilty of a misdemeanor and *punished by a sentence of not less than six months nor more than two years*, such sentence to be consecutive to the original sentence and to any other sentences theretofore imposed upon such escapee by any court of this State.... *Provided however, that should the escapee be recaptured elsewhere than in this State the sentence to be imposed in addition to any remaining unserved portion of the original sentence shall be not less than one year nor more than three years*, such sentence to be consecutive to any other sentences theretofore imposed upon such escapee by any court of this State.

S.C.Code Ann. § 55–6 (1962 & Supp.1975) (italics in original, emphasis added).[1]

During sentencing, defense counsel objected, arguing the indictment did not specify Simuel was taken into custody outside of South Carolina.[2] Counsel argued the trial court could not sentence him to an enhanced penalty because the indictment failed to allege this element. The trial judge denied Simuel's motion, stating: "Enhancement of penalty is not an element of the crime." Simuel was sentenced to thirty months imprisonment, to be served consecutively with Simuel's underlying sentence of fifteen years for armed robbery.

## LAW/ANALYSIS

Simuel argues the trial court erred in sentencing him to an enhanced penalty when the enhancement element of being

---

1. The current statutory section is S.C.Code Ann. § 24–13–410 (1976 & Supp.2002).

2. Further, the jury instructions did not include any mention of a statutory sentence enhancement provision.

apprehended in another state was not charged in the indictment or submitted to the jury. We agree.

The United States Supreme Court addressed the issue of sentence enhancement in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi*, the defendant fired several shots into the home of an African-American family. The defendant was indicted on a weapons charge, but not under the hate crime statute, which provided for an enhanced sentence. After pleading guilty, the trial judge granted the State's motion to enhance the defendant's sentence under the hate crime statute. The Supreme Court reversed, holding: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." [3] *Id.* at 466. The Court noted the Fourteenth Amendment "commands the same answer" in cases concerning state statutes. *Id.* at 476.

In the instant case, Simuel's indictment did not mention the sentence enhancement incurred when an escapee is recaptured outside the state of South Carolina. Nor did Simuel's indictment allege that he was recaptured in Massachusetts. Additionally, the enhancement provision of section 24–13–410 was not submitted to the jury. As such, under the holding of *Apprendi*, the trial judge erred in enhancing Simuel's sentence in excess of the maximum two-year sentence provided for by section 24–13–410.

## CONCLUSION

Because Simuel's enhanced thirty-month sentence for escape violated the holding in *Apprendi*, we reverse and remand for sentencing consistent with our holding in this case.

**REVERSED and REMANDED.**

HOWARD and KITTREDGE, JJ., concur.

---

**3.** We note the Fourth Circuit has found that *Apprendi* is not implicated when the trial judge makes factual findings increasing the sentencing range; however, such analysis is not applicable here, as the trial judge did not make factual findings. *See United States v. Photogrammetric Data Servs.*, 259 F.3d 229, 257–59 (4th Cir.2001); *United States v. Kinter*, 235 F.3d 192, 199–202 (4th Cir.2000).