**STATE v. CAUDLE**

[182 N.C. App. 171 (2007)]

---

STATE OF NORTH CAROLINA v. TONEY CAUDLE

No. COA03-1576-2

(Filed 6 March 2007)

**1. Sentencing— aggravating factor—*Blakely* error—harmless error**

There was only harmless error in aggravating defendant's assault sentence without submission of the aggravating factor to the jury. *Blakely* errors are subject to harmless error analysis, and

the evidence here was sufficiently overwhelming and uncontroverted that any rational fact-finder would have found the aggravating factor beyond a reasonable doubt.

## 2. Sentencing— aggravating factor—not required to be alleged in indictment

The trial court was not prohibited from sentencing defendant in the aggravated range where the State had not alleged the pertinent aggravating factor in the indictment.

Upon remand from the North Carolina Supreme Court, appeal by defendant from judgment entered 10 July 2003 by Judge W. Russell Duke, Jr. in Halifax County Superior Court. Heard in the Court of Appeals 11 October 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Jane Ammons Gilchrest, for the State.*

*Kevin P. Bradley for defendant-appellant.*

MARTIN, Chief Judge.

This case comes before us on remand from the North Carolina Supreme Court in order that we may reexamine the issue of sentencing in light of its recent decision in *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006). The Court in *Blackwell* held that according to *Washington v. Recuenco*, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006), the failure to submit a sentencing factor to the jury is subject to harmless error review. *Blackwell*, 361 N.C. at 44, 638 S.E.2d at 455. We now review only the issue of whether the error in defendant's sentencing, as determined in our previous opinion, was harmless or whether defendant is entitled to a new sentencing hearing.

[1] Defendant argues that the trial court erred by sentencing him in the aggravated range because the aggravating factor was not submitted to the jury and found beyond a reasonable doubt. In *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the United States Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 542 U.S. at 301, 124 S. Ct. at 2536, 159 L. Ed. 2d at 412 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435, 455 (2000)). In the present case, following defendant's

conviction for assault with a deadly weapon inflicting serious injury, the trial court found as an aggravating factor that defendant committed the offense while on pretrial release on another charge. The trial court unilaterally found this factor and did not submit it to the jury for proof beyond a reasonable doubt. Thus, the court erred under *Blakely*.

According to *Blackwell*, *Blakely* error is subject to the harmless error analysis set forth in *Neder v. United States*, 527 U.S. 1, 9, 119 S. Ct. 1827, 1834, 144 L. Ed. 2d 35, 47 (1999). *See Blackwell*, 361 N.C. at 49, 638 S.E.2d at 458. *Neder* requires this Court to "determine from the record whether the evidence against the defendant was so 'overwhelming' and 'uncontroverted' that any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt." *Id.*

The uncontroverted evidence at trial showed that defendant was arrested on 9 December 2002 for stabbing the same victim as in the present case and was on pretrial release when the events in question occurred on 9 February 2003. The State presented the court with a docket number documenting the release. This evidence was sufficiently overwhelming and uncontroverted that any rational fact-finder would have found beyond a reasonable doubt that defendant was on pretrial release on another charge at the time he committed the crime. Accordingly, the error was harmless.

**[2]** Defendant also asserts that the trial court was prohibited from sentencing him in the aggravated range because the State failed to allege the pertinent aggravating factor in the indictment. Defendant relies on *State v. Lucas*, 353 N.C. 568, 597-98, 548 S.E.2d 712, 731 (2001), to support his argument. *Lucas* has been overruled by our Supreme Court in *State v. Allen*, 359 N.C. 425, 438, 615 S.E.2d 256, 265 (2005), *withdrawn*, 360 N.C. 569, 635 S.E.2d 899 (2006). Although *Allen* has been withdrawn for its analysis regarding structural error, its analysis with regard to *Lucas* and *State v. Hunt*, 357 N.C. 257, 582 S.E.2d 593 (2003), remains compelling. Therefore, we adopt the Supreme Court's reasoning that the language of *Hunt* controls, where it states "the Fifth Amendment would not require aggravators, even if they were fundamental equivalents of elements of an offense, to be pled in a state-court indictment." *Id.* at 272, 582 S.E.2d at 603. Accordingly, we overrule defendant's assertion in the present case.

Except as herein modified, the opinion filed by the Court on 2 August 2005 remains in full force and effect.

No error.

Judges STEPHENS and STROUD concur.