[No. 85469-6.    En Banc.]
Argued October 25, 2011.    Decided April 19, 2012.

THE STATE OF WASHINGTON, *Petitioner*, v. BRIAN LEROY SIERS, *Respondent*.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Brian M. McDonald, Deputy*, for petitioner.

*Thomas M. Kummerow* (of *Washington Appellate Project*), for respondent.

¶1 ALEXANDER, J.[*] — We granted the State's motion for discretionary review of a decision of the Court of Appeals reversing Brian Siers's conviction on one count of second degree assault. That court reversed the conviction because the State did not allege an aggravating factor in the charging document. In reaching its conclusion, the Court of Appeals relied on a decision of this court on the issue of whether aggravating factors must be charged in the information, *State v. Powell*, 167 Wn.2d 672, 223 P.3d 493 (2009) (plurality opinion). We take this opportunity to revisit our decision in *Powell* on that issue and now hold that an aggravating factor is not the functional equivalent of an essential element, and, thus, need not be charged in the information. Because the charging document here contained the essential elements of the crimes charged and Siers was given notice prior to trial of the State's intent to seek an aggravated sentence, Siers's due process rights were not violated. We, therefore, reverse the Court of Appeals' decision and reinstate Siers's conviction.

---

[*] Justice Gerry L. Alexander is serving as a justice pro tempore of the Supreme Court pursuant to Washington Constitution article IV, section 2(a).

I

¶2 In 2008, Siers stabbed two men outside a restaurant in Seattle. One of the victims, Daniel Whitten, was attempting to break up a fight between Siers and another person when he was stabbed.

¶3 The State charged Siers in an amended information with two counts of assault in the second degree, including a deadly weapon enhancement on each count. Although no aggravating circumstances were alleged in the information, Siers's attorney indicated that Siers had received notice prior to trial of the State's intent to seek a "good Samaritan" aggravator on count II, the charge relating to the assault on Whitten.[1]

¶4 On the first day of the ensuing jury trial, the State notified the trial court that it intended to seek a determination by the jury on the good Samaritan aggravator. Later, after the State and Siers had each rested, Siers's attorney objected to the State's proposed jury instruction on the good Samaritan aggravator on the ground that the aggravator had not been charged in the information. The State responded by moving to amend the information. The trial court denied the State's motion on the basis that the State had rested its case. The trial court then overruled Siers's objection to the proposed instruction on the good Samaritan aggravator and submitted that instruction to the jury.

¶5 The jury found Siers guilty of two counts of second degree assault, with a deadly weapon enhancement on each count. The jury also returned a special verdict on count II, finding that Siers had committed the assault on Whitten while Whitten was acting as a good Samaritan.

¶6 At sentencing, the State did not request an exceptional sentence on count II, notwithstanding the jury's finding on

---

[1] Under RCW 9.94A.535(3)(w), a finding that a defendant committed an "offense against a victim who was acting as a good samaritan" is an aggravating factor that can support a sentence above the standard range.

the good Samaritan aggravator. The trial court did, however, impose a sentence on that count which was at the high end of the standard range "in order to give some weight to the jury's finding of a good Samaritan aggravator." Verbatim Report of Proceedings (June 5, 2009) at 90.

¶7 Siers appealed his conviction to the Court of Appeals, Division One. In a split decision that court reversed Siers's conviction on count II. *State v. Siers*, 158 Wn. App. 686, 244 P.3d 15 (2010).[2] The majority there, relying on *Powell*, concluded that "the State's failure to plead the Good Samaritan aggravator in the information functionally undermined the jury's verdict on the substantive crime of second degree assault." *Id.* at 702. Chief Judge Dwyer dissented, stating that because a standard range sentence was imposed on count II "the trial judge imposed a sentence that was authorized by the jury's findings and the information filed. Nothing more was required. There was no error." *Id.* at 705 (Dwyer, C.J., dissenting).

¶8 The State then sought review of the Court of Appeals' decision on the issue of whether the Court of Appeals erred in concluding that aggravating circumstances must be alleged in the information. We granted the State's petition. *State v. Siers*, 171 Wn.2d 1009, 249 P.3d 1028 (2011).

## II

■■ ¶9 The broad issue before us is whether the Court of Appeals erred in reversing Siers's conviction on count II. As we have observed, that decision was based on the State's failure to allege an aggravator in the charging document, the Court of Appeals determining that under *Powell*, the failure to allege the aggravator violated Siers's Sixth Amendment right to a jury trial. We review allegations of constitutional

---

[2] The Court of Appeals affirmed the other assault conviction (count I) and the deadly weapon enhancement on that count. Siers has not sought review of that determination.

violations de novo. *State v. Vance*, 168 Wn.2d 754, 759, 230 P.3d 1055 (2010). Resolution of this issue also requires interpretation of a section in Washington's Sentencing Reform Act of 1981, chapter 9.94A RCW, pertaining to aggravating circumstances that raise a sentence above the standard range. *See* RCW 9.94A.537. Statutory interpretation is a legal question, which we also review de novo on appeal. *Stuckey v. Dep't of Labor & Indus.*, 129 Wn.2d 289, 295, 916 P.2d 399 (1996).

## III

¶10 In reversing Siers's conviction on the charge contained in count II of the information, the Court of Appeals held that the aggravating factor that the victim was acting as a good Samaritan was an essential element of the charge and that the information was fatally deficient because it omitted the aggravator. *See Siers*, 158 Wn. App. at 702. The Court of Appeals went on to conclude that the consequence of the failure to charge the aggravator in the information was dismissal of the underlying assault conviction notwithstanding the fact that the underlying crime was properly charged and the judgment and sentence reflected the jury's verdict on that charge.[3] In reaching its conclusion, the Court of Appeals took note of the fact that in *Powell* a majority of this court concluded that an aggravating circumstance was the functional equivalent of an element of a crime that must be charged in the information. *Powell*, 167 Wn.2d at 689-90 (Stephens, J., concurring); *id.* at 691-92 (Owens, J., dissenting).[4]

---

[3] The Court of Appeals indicated that "[o]rdinarily, when the information alleges a crime but leaves out an essential element, the remedy is reversal of any resulting conviction and dismissal without prejudice to the State's right to recharge." *Siers*, 158 Wn. App. at 696 (citing *State v. Vangerpen*, 125 Wn.2d 782, 791, 888 P.2d 1177 (1995)).

[4] The lead opinion garnered a majority with six justices voting to affirm the Court of Appeals' decision to affirm Powell's conviction. On the issue of whether an aggravator must be charged in the information, the lead opinion had four votes answering that question in the negative. Five justices, comprised of two justices

¶11 As we have observed, Chief Judge Dwyer disagreed with the Court of Appeals' decision in the instant case. He reasoned that even under the majority rule in *Powell*, the good Samaritan aggravator "was not an element of the crime Siers was convicted of committing" because Siers was sentenced within the standard range. *Siers*, 158 Wn. App. at 705 (Dwyer, C.J., dissenting). He went on to say that the majority decision "bestows a total windfall as a remedy: ordering dismissal of a charge against Brian Siers, a man who was constitutionally convicted of assault in the second degree and constitutionally sentenced therefor." *Id.* at 703.

¶12 Because the Court of Appeals based its decision on its understanding of our decision in *Powell*, we begin our analysis with a discussion of that case. The question we were confronted with in *Powell* was whether a trial court was permitted at resentencing to empanel a jury to consider aggravating circumstances that had been relied upon by the trial judge in imposing the previous sentence. In answering that question in the affirmative, we addressed the issue of whether aggravating circumstances are the functional equivalent of essential elements that must be charged in the information.

¶13 In reaching its decision on the aforementioned issue, a majority of this court concluded that in light of the Sixth Amendment principles explicated in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), aggravated sentencing factors are the functional equivalent of essential elements that must be charged in an information. *See Powell*, 167 Wn.2d at 689-90 (Stephens, J., concurring), 691-94 (Owens, J., dissenting). The Court of Appeals considered our *Powell* opinion in *Siers* and indicated that

joining a concurrence by Stephens, J., and three justices joining in a dissent by Owens, J., made up the majority position on this issue and held that an aggravator is the functional equivalent of an essential element that must be charged in the information.

[g]iven the heavy reliance on *Blakely* and the jury trial right in the *Powell* concurrence, we do not interpret the concurrence as continuing to require the preservation of the underlying conviction when the defendant had to defend at trial against an uncharged factor that was the "functional equivalent" of an element.

*Siers*, 158 Wn. App. at 700. Thus, that court construed the majority rule in *Powell* to be that "aggravating circumstances *are* the functional equivalent of essential elements in charging" and, accordingly, "notice, to be constitutionally sufficient under *Blakely*'s interpretation of the jury trial right, must be given in the formal charging document." *Id.* at 701-02.[5]

¶14 After reviewing our decision in *Powell* in light of the facts before us in the present case, we are of the view that the decision a majority of this court reached in *Powell* on the issue of whether aggravating factors must be charged in the information is incorrect. It is also harmful because it has a detrimental effect on the public interest. *See State v. Barber*, 170 Wn.2d 854, 864, 248 P.3d 494 (2011) (stating that in order for a decision to be overruled, it must be shown to be both "incorrect *and* harmful"). We, therefore, overrule this court's decision on that issue and adopt the position advanced by the lead opinion in *Powell* to the effect that so long as a defendant receives constitutionally adequate notice of the essential elements of a charge, "the absence of an allegation of aggravating circumstances in the information [does] not violate [the defendant's] rights

---

[5] Although it was a fractured decision on the question of whether an aggravator must be charged in the information, this court unanimously agreed that "the State is required to include '[a]ll essential elements of a crime, statutory or otherwise, . . . in a charging document.' " *Powell*, 167 Wn.2d at 682 (alterations in original) (quoting *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991)); *see also id.* at 689 (Stephens, J., concurring); *id.* at 695 (Owens, J., dissenting). " 'The primary goal of the "essential elements" rule is to give notice to an accused of the nature of the crime that he or she must be prepared to defend against.' " *Id.* at 682 (quoting *Kjorsvik*, 117 Wn.2d at 101). "Essential elements consist of the statutory elements of the charged crime and a description of the defendant's conduct that supports every statutory element of the offense." *Id.* (citing *Kjorsvik*, 117 Wn.2d at 98).

under article I, section 22 of the Washington Constitution, the Sixth Amendment to the United States Constitution, or due process." *Powell*, 167 Wn.2d at 687.

¶15 In reaching our decision, we are mindful that the state and federal constitutions require that a defendant receive adequate notice of the nature and cause of the accusation in order to allow him or her to prepare a defense in response to charges that he or she committed a crime. Indeed, article I, section 22 of Washington's constitution says that "[i]n criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him." The Sixth Amendment to the United States Constitution similarly provides that "[i]n all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation." The protection afforded by each of these constitutional provisions is the same. *State v. Hopper*, 118 Wn.2d 151, 156, 822 P.2d 775 (1992). Accordingly, to allow the defendant to "mount an adequate defense" against an aggravating circumstance listed in RCW 9.94A.535(3), the defendant must receive notice prior to the proceeding in which the State seeks to prove those circumstances to a jury. *State v. Schaffer*, 120 Wn.2d 616, 620, 845 P.2d 281 (1993).

¶16 Consistent with the above-mentioned constitutional requirements, the Sentencing Reform Act of 1981 requires that the State provide notice that it will seek an exceptional sentence aggravating circumstance, but it does not mandate the manner in which that notice is to be given. *See* RCW 9.94A.537(1). Here Siers's attorney acknowledged that the State had provided notice to Siers prior to trial that it intended to prove an aggravator that could result in an exceptional sentence. In our judgment, this prior notice satisfied state and federal constitutional notice requirements.

¶17 As the lead opinion in *Powell* explained, *Apprendi*'s requirement of a jury trial on aggravating factors does not necessarily mean that aggravating factors must be pleaded

in the information. In *Apprendi*, the United States Supreme Court held that under the due process clause of the Fourteenth Amendment and the right to a jury trial under the Sixth Amendment, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Powell*, the lead opinion stated the following with regard to *Apprendi*:

> The requirement that a defendant receive notice of aggravating circumstances is similar to the requirement that a defendant be given notice of all the elements of the offense charged. This similarity does not, in our judgment, mean that the absence of an allegation of aggravating circumstances in the information violates constitutional protections. The aggravating circumstances under RCW 9.94A.535(3) are not elements of an offense. Therefore, they do not fall within the rule that all the elements of a crime must be set forth in the charging instrument pursuant to article I, section 22. Rather, notice of aggravating circumstances is required as a matter of due process. Due process is satisfied when the defendant receives sufficient notice from the State to prepare a defense against the aggravating circumstances that the State will seek to prove in order to support an exceptional sentence.

*Powell*, 167 Wn.2d at 682. The lead opinion went on to state that in *Apprendi* the United States Supreme Court "did not say that aggravating circumstances are essential elements of a crime that must be pleaded in the information under *state* law." *Id.* at 684. Rather, the United States Supreme Court in *Apprendi* "noted that it was not determining that issue since the defendant in *Apprendi* had not argued that the sentence enhancement at issue had to be included in the charging document." *Id.* (citing *Apprendi*, 530 U.S. at 477 n.3).

¶18 Significantly, however, the United States Supreme Court in *Apprendi* noted "that the Fifth Amendment grand jury clause is not applicable to the states under the Four-

teenth Amendment." *Id.* (relying on *Apprendi*, 530 U.S. at 477 n.3). As the lead opinion observed in *Powell*, the statement in *Apprendi* that the Fifth Amendment grand jury clause is not applicable to the states is "critical because the primary statement in *Apprendi* relied on by Powell is taken from *Jones* [*v. United States*], 526 U.S. 227, [119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999)]." *Id.* In *Jones*, the United States Supreme Court held that for the federal prosecution of a federal crime, facts that increase the penalty beyond the statutory maximum must be included in the indictment pursuant to the Fifth Amendment. *Id.* (citing *Jones*, 526 U.S. 227). Notably, the grand jury clause of the Fifth Amendment has been held to not apply to the states via the Fourteenth Amendment. *See Hurtado v. California*, 110 U.S. 516, 535, 4 S. Ct. 111, 28 L. Ed. 232 (1884). Thus, as the lead opinion in *Powell* stated, the federal indictment requirements relating to aggravating circumstances do not "extend to local prosecutions under Washington law when aggravating circumstances are alleged." *Powell*, 167 Wn.2d at 684.

¶19 Significantly, a majority of state jurisdictions that have considered this issue have applied rationale similar to that set forth in the lead opinion in *Powell*, those jurisdictions holding that aggravating factors are not constitutionally required to be pleaded in the charging document.[6] For example, the Minnesota Supreme Court has considered this issue and determined that a defendant is "not denied due process by the state's failure to include in the indictment

---

[6] *See* 5 WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 19.3(a) at 255 n.42 (3d ed. 2007) (citing *Poole v. State*, 846 So. 2d 370 (Ala. Crim. App. 2001); *State v. Nichols*, 201 Ariz. 234, 33 P.3d 1172 (2001); *Terrell v. State*, 276 Ga. 34, 572 S.E.2d 595 (2002); *State v. Lovelace*, 140 Idaho 53, 90 P.3d 278 (2003); *People v. Thurow*, 203 Ill. 2d 352, 786 N.E.2d 1019, 272 Ill. Dec. 185 (2003); *State v. Glass*, 136 S.W.3d 496 (Mo. 2004); *Simmons v. State*, 869 So. 2d 995 (Miss. 2004); *State v. Badoni*, 2003-NMCA-9, 133 N.M. 257, 62 P.3d 348; *People v. Walters*, 196 Misc. 2d 78, 763 N.Y.S.2d 715 (2003); *State v. Hunt*, 357 N.C. 257, 582 S.E.2d 593 (2003); *Primeaux v. State*, 2004 OK CR 16, 88 P.3d 893; *State v. Holton*, 126 S.W.3d 845 (Tenn. 2004); *Evans v. State*, 389 Md. 456, 886 A.2d 562 (2005); *see also People v. Robinson*, 232 Ill. 2d 98, 902 N.E.2d 622, 327 Ill. Dec. 501 (2008). *But see State v. Jess*, 117 Haw. 381, 184 P.3d 133 (2008); *State v. Simuel*, 357 S.C. 378, 593 S.E.2d 178 (2004).

the factor used to enhance his sentence." *State v. Kendell*, 723 N.W.2d 597, 612 (Minn. 2006). That court explained:

> Kendell argues that the Supreme Court's equation of aggravating sentencing factors with elements of an offense mandates that such factors must be included in the indictment. *See Jones*[, 526 U.S. at 232]. But the Court's conclusion that the sentencing factors operate as the "functional equivalent" of elements for purposes of the Sixth Amendment jury trial right does not dictate that such factors are elements for purposes of a Minnesota indictment. *See McKaney v. Foreman* [*ex rel. County of Maricopa*], 209 Ariz. 268, 100 P.3d 18, 22 (2004). The right to a jury trial serves a different purpose than the 'nature and cause' requirement and the due process notice requirement; the former addresses the adequacy of proof of the offense charged and of the aggravating sentencing factors, while the latter simply provides a defendant notice of the charges. *Id.* We therefore conclude that aggravating sentencing factors need not be charged in an indictment in Minnesota. This conclusion is in line with the vast majority of states that have considered this issue. *See Evans* [*v. State*], 389 Md. 456, 886 A.2d [562,] 573-74 (2005); *State v. Hunt*, 357 N.C. 257, 582 S.E.2d 593, 604 (2003).

*Id.* at 611. In our view, the proper course for this court is to embrace the rationale adopted in a majority of similarly situated jurisdictions that do not require aggravators to be charged in the information.

¶20 Additionally, to the extent the majority in *Powell* relied on *Blakely*, that reliance was misplaced. We say that because like the situation in *Apprendi*, the defendant in *Blakely* did not challenge the sufficiency of the charging document. Thus, the United States Supreme Court did not address the question of whether an aggravating circumstance must be pleaded in the charging document. *See Blakely*, 542 U.S. at 301; *Apprendi*, 530 U.S. at 477 n.3. Several other jurisdictions have rejected the argument that *Blakely* requires that sentencing enhancements be alleged in the charging document. *See State v. Dague*, 143 P.3d 988, 1007 (Alaska Ct. App. 2006) ("the due process clause of the

Fourteenth Amendment does not require sentencing factors to be included in the indictment—even when, under *Apprendi* and *Blakely*, the Sixth and Fourteenth Amendments would require the states to give defendants a jury trial on those same factors"); *Kendell*, 723 N.W.2d at 611-12 (concluding that aggravating sentencing factors need not be charged in an indictment because the "right to a jury trial serves a different purpose than the 'nature and cause' requirement and the due process notice requirement"); *State v. Caudle*, 182 N.C. App. 171, 641 S.E.2d 351 (2007) (holding that aggravating factors do not need to be charged in the indictment); *State v. Heilman*, 339 Or. 661, 125 P.3d 728 (2005) (holding that the State was not required to plead the elements of the enhancement in the indictment).

¶21 The United States Constitution does not require states to allege aggravating circumstances in local prosecutions. Neither does the Washington Constitution require aggravators to be alleged in an information. In our judgment, Siers received constitutionally sufficient notice of the State's intent to seek a good Samaritan aggravator, thus his due process rights were not violated. To the extent the majority in the *Powell* decision concluded otherwise, we hold that the decision was incorrect.

¶22 Additionally, as we indicated above, the majority decision in *Powell* on the issue before us now is harmful. We believe that decision undermines the policy behind state and federal constitutional requirements that the State provide the defendant with adequate notice of the nature and cause of the accusation. We say this because under that decision a prudent prosecutor would allege all possible aggravators and then decide sometime prior to trial, or even at sentencing, which aggravating factors to rely on. There are upward of 30 aggravators under the current Sentencing Reform Act of 1981. The notice requirement exists as a means to allow the defendant to "mount an adequate defense" in response to charges that he committed a crime. *Schaffer*, 120 Wn.2d at 620. If, in an abundance of caution,

prosecutors charge all possible aggravators in the information in each case, defense counsel will be ethically obligated to prepare a defense against each of the aggravating factors that the State alleges, even if the State ultimately does not seek an exceptional sentence. As the Alabama Court of Criminal Appeals wisely pointed out in its consideration of this issue, to require an information to include any applicable enhancements would "elevate the fact that made the enhancement applicable to the exalted status of an 'essential element' of the crime charged and would invite challenges to the validity of the underlying convictions in every court in this state." *Poole v. State*, 846 So. 2d 370, 386 (Ala. Crim. App. 2001). The Alabama court went on to say that this would allow "[a]ny defendant who has ever been sentenced under these statutory provisions [to] argue that his or her conviction was void because a 'material or essential element' of the offense was not included in the indictment." *Id.* at 387. We agree with the Alabama court that the implications of requiring aggravators to be pleaded in the charging document are potentially "enormous." *Id.* We are convinced that constitutional guaranties of notice afford adequate protection to defendants. In our view, treating aggravators as the functional equivalent of essential elements that must be pleaded in the charging document is harmful to the public interest because it wastes valuable judicial resources and imposes too heavy a burden on the criminal justice system.

IV

¶23  In conclusion, we overrule the decision reached by a majority of justices in *Powell* to the effect that aggravated sentencing factors are the functional equivalent of essential elements that must be charged in an information. We do so because we believe that decision was incorrect and harmful. We hold, therefore, that an aggravating factor is not the functional equivalent of an essential element and need not be charged in the information. Here the charging document

contained the essential elements of the crimes charged and the State gave Siers notice prior to trial of its intent to seek an aggravated sentence. Consequently, Siers's due process rights were not violated. We, therefore, reverse the Court of Appeals' decision and reinstate Siers's conviction on count II.

MADSEN, C.J., and FAIRHURST, J.M. JOHNSON, and WIGGINS, JJ., concur.

¶24 STEPHENS J. (concurring) — While I agree with the majority that Brian Siers's conviction stands, I disagree with its analysis. The majority is too quick to seize this opportunity to overrule *Powell*. In doing so, it overlooks the fact that *Powell*'s rule does not even apply to this case.

¶25 In *State v. Powell*, five justices agreed that aggravating factors must be charged in the information and proved to a jury before an enhanced sentence may be imposed. 167 Wn.2d 672, 688, 223 P.3d 493 (2009) (plurality opinion) (Stephens, J., concurring). This requirement stems from the Sixth Amendment, which endows criminal defendants with the right "to be informed of the nature and cause of the accusation" so they might defend against it. U.S. CONST. amend. VI. As the Supreme Court has recognized, " 'an accusation which lacks any particular fact which the law makes essential to the punishment is . . . no accusation within the requirements of the common law, and it is no accusation in reason.' " *Blakely v. Washington*, 542 U.S. 296, 301-02, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (quoting 1 JOEL PRENTISS BISHOP, COMMENTARIES ON THE LAW OF CRIMINAL PROCEDURE § 87, at 55 (2d ed. 1872)).

¶26 An "accusation in reason" requires simply this: any fact essential to the punishment is essential to the charge. The notion that it is permissible for prosecutors to charge only bare-bones crimes in the formal charging document, while amassing aggravators elsewhere, is at odds with the

guaranty of an "accusation" notifying the defendant of its "nature." To comport with the Sixth Amendment, a defendant must be able to discern—from the charging document alone—his maximum potential sentence. This is evident from the constitutional text, which speaks of a (singular) "accusation." *Cf. Blakely*, 542 U.S. at 311 ("Any evaluation of *Apprendi*'s[7] 'fairness' to criminal defendants must compare it with the regime it replaced, in which a defendant, with no warning in either his indictment or plea, would routinely see his maximum potential sentence balloon from as little as five years to as much as life imprisonment.").

¶27 It is equally clear that when a defendant's ultimate sentence is in accordance with the allegations in the charging document, there is no Sixth Amendment violation. Our decision in *Powell* explained that aggravating factors must be charged *"in order to obtain an enhanced sentence." Powell*, 167 Wn.2d at 690 (Stephens, J., concurring) (emphasis added); *see also id.* at 694 (Owens, J. dissenting) ("All of these [aggravating] factors expose defendants to increased punishment beyond the statutory maximum. Thus, the aggravating circumstances must be considered essential elements of the crime."); *accord Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that *increases the penalty for a crime beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)).

¶28 In short, nothing in *Powell* intimates that failing to charge an aggravating factor, when that factor is not relied on to impose an enhanced sentence, is reversible error. As Judge Stephen Dwyer noted in his dissent, *Powell* is not implicated here. *State v. Siers*, 158 Wn. App. 686, 706, 244 P.3d 15 (2010) (Dwyer, C.J., dissenting). Siers was convicted and sentenced in accordance with the jury's verdict on second degree assault, following the proper charging of that crime in the information—no enhanced sentence was sought

---

[7] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

or imposed. Simply put, this case does not present a *Powell* problem. Because there was no *Powell* error, the court should reverse the Court of Appeals and reinstate the trial court's judgment and sentence.

¶29 Because this case does not implicate *Powell*'s holding, reconsideration of that holding is completely unnecessary. We should not lightly accept invitations to overrule precedent. *See State v. Kier*, 164 Wn.2d 798, 804, 194 P.3d 212 (2008). Instead, we ought to acknowledge the important "stabilizing effect" of stare decisis. *In re Rights to Waters of Stranger Creek*, 77 Wn.2d 649, 653, 466 P.2d 508 (1970). We have been mindful to respect this doctrine's role to " ' "promote[ ] the evenhanded, predictable, and consistent development of legal principles, foster[ ] reliance on judicial decisions, and contribute[ ] to the actual and perceived integrity of the judicial process." ' " *State v. Barber*, 170 Wn.2d 854, 863, 248 P.3d 494 (2011) (quoting *Keene v. Edie*, 131 Wn.2d 822, 831, 935 P.2d 588 (1997) (quoting *Payne v. Tennessee*, 501 U.S. 808, 827, 111 S. Ct. 2597, 115 L. Ed. 2d 720, *reh'g denied*, 501 U.S. 1277 (1991))). Lest our law "become subject to incautious action or the whims of current holders of judicial office," we have required a clear showing that precedent is incorrect and harmful before abandoning it. *Stranger Creek*, 77 Wn.2d at 653. Stare decisis counsels courts to maintain fidelity to precedent and to reconsider decisions with only the greatest of caution and reluctance.

¶30 But here, the majority eagerly discards a decision whose rule is not even implicated by the case being reviewed. In electing to abandon our precedent, the majority grasps to find our previous decision "harmful." It does so by predicting a parade of horribles—a parade which *Powell* itself ensures will never come to pass.

¶31 To show harm, the majority concurs with an Alabama intermediate appellate court's concern that convictions will be voided if sentencing enhancements are considered essential elements. Majority at 282. As discussed above, nothing

in *Powell* suggests that an underlying conviction is impaired when an aggravating circumstance is not charged. *Powell* plainly holds aggravating factors are the functional equivalent of elements that need be charged only "to obtain an enhanced sentence." *Powell*, 167 Wn.2d at 690 (Stephens, J., concurring).

¶32 The majority also raises the specter of overcautious prosecutors burdening defense counsel by needlessly charging "all possible aggravators" only to drop them prior to trial or at sentencing. Majority at 281-82. The majority warns that defense counsel will then be forced to overprepare, "wast[ing] valuable judicial resources and impos[ing] too heavy a burden on the criminal justice system." Majority at 282.

¶33 This argument proves too much. As an initial matter, RCW 9.94A.537(1) requires pretrial notice of any aggravating factors. All that *Powell* changed was to require this notice appear in the information, as opposed to some other document. Given that the information can be amended anytime prior to verdict where the defendant's substantial rights are not prejudiced, *State v. Barnes*, 146 Wn.2d 74, 81-82, 43 P.3d 490 (2002), it is hard to see how the *Powell* rule would create extra work. Moreover, prosecutors frequently charge defendants with substantive crimes that they ultimately dismiss, before or during trial, for strategic reasons. I daresay defense counsel greatly prefer overpreparation to a last-minute scramble.

¶34 In short, the majority exaggerates the "harm" at issue to justify overruling *Powell*, instead of laying bare the fact that a majority of this court has simply reconsidered the same arguments heard—and rejected—in *Powell*. This approach is at cross-purposes with the values underlying stare decisis, which is " 'the means by which we ensure that the law will not merely change erratically, but will develop in a principled and intelligible fashion.' " *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 378, 130 S. Ct. 876, 175 L. Ed. 2d 753 (2010) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 265, 106 S. Ct. 617, 88 L. Ed. 2d 598 (1986)).

¶35 Erratic changes in the law trivialize our precedent and undermine our institutional integrity. While I would uphold the rule in *Powell* on its merits, I am presently more concerned with the ease with which the majority unsettles the law. Siers's appeal should be resolved without resorting to the *Powell* rule. Moreover, I am unconvinced that *Powell* was both incorrect and harmful. I would affirm Siers's conviction on the ground that there is no error implicating *Powell* and leave our precedent intact.

C. JOHNSON, CHAMBERS, and OWENS, JJ., concur with STEPHENS, J.