# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57332-6-II |
| Respondent, | |
| v. | PUBLISHED OPINION |
| JOSHUA CLARE, | |
| Petitioner. | |

CHE, J — Joshua Clare appeals the issuance of a no-bail bench warrant issued due to his failure to appear at a pretrial hearing. Clare was arrested under the aforementioned warrant, and the following day, the trial court set bail at $1,000. Clare pleaded guilty to one count of mail theft several days later.

We hold that the issuance of the no-bail bench warrant presents an exception to the mootness doctrine under the continuing and substantial public interest exception. Although Clare fails to present a manifest constitutional error warranting review, we exercise our discretion under RAP 2.5 to reach the constitutional issues, but not the state-statutory or court-rule issues as they were not preserved below.

We hold that when the trial court issues a no-bail bench warrant for failure to appear after the probable cause determination, it does not violate our state constitutional right to bail so long as a subsequent bail determination is held within 48 hours of that arrest. Because Clare received a timely bail determination, his right to bail was not violated. We also hold that the issuance of a no-bail bench warrant for a failure to appear does not violate due process. We affirm.

FACTS

The State charged Clare with two counts of mail theft and third degree malicious mischief. At arraignment, the trial court did not initially set bail but ordered Clare to engage in every other week phone check-ins with supervised pretrial release, to keep contact information updated with the pretrial release officer and the court, and to attend all scheduled hearings. The trial court scheduled a readiness hearing. The order establishing release conditions provided the following notice,

> Violations of the conditions as specified above, may result in penalties including but not limited to custody in jail, increased reporting requirements, revocation of release, increase or modification of bail and/or other conditions of release. Violation of the conditions specified above may also result in issuance of a warrant for your arrest.

Clerk's Papers (CP) at 16 (boldface omitted). Clare did not report to pretrial services as ordered.

Subsequently, Clare failed to attend the readiness hearing. The State requested a bench warrant. Defense counsel objected to a no-bail warrant largely under a Supreme Court order

related to COVID-19,[1] while also giving a single reference to article I, sections 14 and 20 of the Washington Constitution.

The trial court then issued a no-bail bench warrant for failing to appear. Clare was arrested, and the trial court set bail at $1,000 the next day. Clare pleaded guilty to one count of mail theft days later and was sentenced to six days of confinement.

Clare appeals the imposition of the no-bail bench warrant.

## ANALYSIS

### I. MOOTNESS

The State argues that the bail issue is moot. Clare argues that the issuance of the no-bail bench warrant presents a matter of continuing and substantial public interest. We agree with Clare.

---

[1] Among other things, the order provided,

> Courts may exercise discretion in deciding whether a bench warrant should issue for failure to appear for criminal or juvenile offender court hearings or pretrial supervision meetings, or violations of conditions of release. However, in exercising such discretion, courts shall consider the following before issuing a warrant: a) Is a warrant necessary for the immediate preservation of public or individual safety? b) Is there a record that the subject of the warrant has received actual notice of the previously scheduled court hearing or reporting requirement? c) Is there a viable alternative for securing appearance such as the re-issuance of a summons or another means of notifying the subject that an appearance is required and re-setting the hearing date?

Order, No. 25700-B-658, *Fifth Revised and Extended Ord. Regarding Ct. Operations*, at 9 (Wash. Feb. 19, 2021) https://www.courts.wa.gov/content/publicUpload/Supreme%20Court%20Orders/25700-B-658.pdf.

"An issue is moot if we can no longer provide effective relief." *State v. Ingram*, 9 Wn. App. 2d 482, 490, 447 P.3d 192 (2019). Because Clare was subsequently released, the issue of pretrial bail is moot.

But we may review a moot issue where it presents an issue involving "matters of continuing and substantial public interest." *Id*. "In determining whether a case presents an issue of continuing and substantial public interest, we consider (1) the public or private nature of the issue, (2) whether guidance for public officers on the issue is desirable, and (3) the likelihood that the issue will recur." *Id*. If it is likely that the controversy will escape review in the future due to the short-lived nature of the relevant facts, that weighs in favor of review. *Id*.

The setting of bail is an issue of public nature. *Id*. Deciding the propriety of a no-bail bench warrant for a failure to appear after the initial bail determination will provide guidance to public officers for an issue that is likely to recur. And because pre-trial no-bail bench warrants become moot either as soon as the trial court holds a hearing addressing bail and release conditions, or after the disposition of the case, the short-lived nature of the no-bail bench warrant issue weighs in favor of review. Accordingly, Clare's bail arguments fit within the continuing and substantial public interest exception.

## II. ISSUE PRESERVATION

Clare challenges the imposition of his no-bail bench warrant on multiple grounds: violation of the state constitutional right to bail, his state and federal substantive and procedural due process rights, and various superior court rules and state statutes. The State argues that we should decline to review these arguments because they are not properly preserved. We agree that the arguments are unpreserved and that Clare fails to show a manifest constitutional error.

4

Under RAP 2.5(a), we may decline to review unpreserved errors. "A party must inform the court of the rules of law it wishes the court to apply and afford the trial court an opportunity to correct any error." *State v. Lazcano*, 188 Wn. App. 338, 355, 354 P.3d 233 (2015). To adequately preserve the issue for appellate review, the argument should be more than fleeting. *Id.* "We may decline to consider an issue that was inadequately argued below." *Id.*

However, a party may raise an unpreserved error if they show that the error presents a "manifest error affecting a constitutional right." RAP 2.5(a)(3). A party may show the alleged error is manifest by demonstrating actual prejudice, which occurs where there is a plausible showing that the error caused "'practical and identifiable consequences in the trial of the case.'" *State v. J.W.M.*, 1 Wn.3d 58, 91, 524 P.3d 596 (2023) (quoting *State v. O'Hara*, 167 Wn.2d 91, 99, 217 P.3d 756 (2009)). An error is identifiable if the record is "'sufficient to determine the merits of the claim.'" *Id.* (quoting *O'Hara*, 167 Wn.2d at 99). But a cursory reference to a constitutional provision may be inadequate to preserve an issue for appeal. *State v. Davis*, 175 Wn.2d 287, 344, 290 P.3d 43 (2012), *abrogated on other grounds by State v. Gregory*, 192 Wn.2d 1, 427 P.3d 621 (2018).

Here, Clare objected to the issuance of the bench warrant, citing to a Supreme Court order providing guidance on whether to issue a warrant for failing to appear during the COVID-19 pandemic, and to a single reference to "Article 1, Sections 14 and 20 . . . of the Washington State Constitution." Rep. of Proc. at 4. Clare does not argue that the bench warrant violated the Supreme Court order on appeal. Clare did not pursue the constitutional arguments further.

Under these circumstances, Clare's argument under the state constitution was fleeting and thus failed to adequately present the issue to the trial court. The single reference did not draw attention to any relevant standards, considerations, or case law. For these reasons, the issue was not properly preserved for appeal. And Clare did not even reference his arguments regarding due process, superior court rules, and various RCWs with the trial court. So those issues are also not properly preserved.

Because the aforementioned issues were not preserved, we analyze whether they warrant review under RAP 2.5(a)(3). On appeal, Clare provides one sentence to meet his RAP 2.5 burden. Br. of Appellant at 16-17 ("While appellate courts generally will not consider issues raised for the first time on appeal, there is a limited exception that a claim may be raised for the first time on appeal if it is a manifest error affecting a constitutional right."). This is insufficient.

Even if Clare's arguments can be collectively characterized as constitutional, Clare does not attempt to show that any of the alleged errors are manifest. The trial court set bail the day after Clare was arrested on the bench warrant. Clare does not explain how that short duration had practical and identifiable consequences in the trial of the case.

We determine that Clare's arguments related to the superior court criminal rules and RCWs do not warrant review under RAP 2.5(a)(3) and decline to reach them. But we exercise our discretion to reach the constitutional issues.

### III. CONSTITUTIONAL RIGHT TO BAIL

Clare argues that imposing no-bail bench warrants—on defendants charged with offenses that cannot result in life in prison—violates the state constitutional right to bail.[2] We disagree.

"'We review allegations of constitutional violations de novo.'" *State v. Johnson*, 180 Wn.2d 295, 300, 325 P.3d 135 (2014) (quoting *State v. Siers*, 174 Wn.2d 269, 273-74, 274 P.3d 358 (2012)). Article 1, section 20 of the Washington Constitution provides that "[a]ll persons charged with crime shall be bailable by sufficient sureties, except for capital offenses when the proof is evident, or the presumption great."

In *Westerman*, our Supreme Court held that the right to a judicial determination of reasonable bail or release "must be made as soon as possible, no later than the probable cause determination," which must be accomplished within 48 hours. *Westerman v. Cary*, 125 Wn.2d 277, 292, 892 P.2d 1067 (1994). "[D]etention without bail pending a speedy judicial determination does not violate Const. art. 1, § 20." *Id*. at 291. The court further provided, "We decline to extend the right to bail beyond what it has traditionally been: the right to a judicial determination of reasonable bail or release." *Id*. at 291-92.

---

[2] Clare also appears to argue that the issuance of the no-bail bench warrant violated the state constitutional prohibition on excessive bail. He provides a single sentence to this end, "The Washington Constitution expressly prohibits excessive bail. Const. Art. 1, § 14. A no-bail warrant is the most excessive bond that can be ordered because it provides no opportunity to post bond and effectuate liberty." Br. of Appellant at 12. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *In re Parental Rights to D.J.S.*, 12 Wn. App. 2d 1, 42, 456 P.3d 820 (2020), *abrogated on other grounds by In re Dependency of G.J.A.*, 197 Wn.2d 868 (2021). This one sentence is insufficient to merit our review.

As a preliminary matter, the language in article 1, section 20 does not expressly mention bench warrants or require that bench warrants provide for bail. Nor does that language imply that such warrants must provide for bail or when bail must be provided.

Clare appears to argue that *Westerman* grants Clare the continuing right to bail at all times after the probable cause determination in non-capital cases, and that right is not interrupted by the issuance of a bench warrant for failing to appear. We disagree. We do not interpret *Westerman* as requiring that every bench warrant provide for a bail amount each time a judge issues a bench warrant for the defendant's failure to appear after the probable cause determination in non-capital cases. Rather, after the defendant is arrested on the bench warrant, *Westerman* requires that a bail determination be made as soon as possible, no later than 48 hours after that arrest.

Thus, the initial decision to issue the no-bail bench warrant—after the probable cause determination—for failure to appear in this matter did not violate Clare's constitutional right to bail. And because Clare received a bail determination within 48 hours of being detained on that bench warrant, his right to bail was not violated.

## IV. DUE PROCESS

Clare argues that the imposition of the no-bail bench warrant violates substantive and procedural due process under the federal and state constitution We disagree.

The federal due process clause protects the right to be free from bodily restraint. *State v. Beaver*, 184 Wn.2d 321, 331, 358 P.3d 385 (2015). Our analysis of state and federal due process clause claims is the same. *Nielsen v. Dep't of Licensing*, 177 Wn. App. 45, 52 n.5, 309 P.3d

1221 (2013) ("the state due process clause is coextensive with and does not provide greater protection than the federal due process clause.").

A.      *Substantive Due Process*

"The substantive component of the due process clause bars wrongful and arbitrary government conduct, notwithstanding the fairness of the implementing procedures." *Beaver*, 184 Wn.2d at 332. Pretrial detentions implicate an individual's fundamental liberty interest. *See Westerman*, 125 Wn.2d at 292.

In *Westerman*, Westerman argued that the district court's general order—providing that domestic violence offenders were to be detained in jail without recourse to bail pending their first court appearance—violated substantive due process. *Id*. at 293. Our Supreme Court recognized "restrictions on liberty that comply with the Fourth Amendment and which do not constitute impermissible punishment do not violate substantive due process." *Id*. And the court held,

> Given the limited nature of the detention and the legitimate reasons behind the Order, we do not find that the Order violates substantive due process. Under our ruling today, the Order imposes no more significant restraint on liberty than that allowed by the Fourth Amendment . . . because the probable cause and release hearing must be held within 48 hours of detention.

*Id*. at 293-94. For the same reasons as outlined in *Westerman*, we determine that the no-bail bench warrant did not violate Clare's substantive due process rights.

B.      *Procedural Due Process*

"Procedural due process requires that when the State seeks to deprive a person of a protected interest, the State provides the individual adequate notice of the deprivation and a meaningful opportunity to be heard." *Beaver*, 184 Wn.2d at 336.

"In determining what procedural due process requires in a given context, we employ the *Mathews* test, which balances: (1) the private interest affected, (2) the risk of erroneous deprivation of that interest through existing procedures and the probable value, if any, of additional procedural safeguards, and (3) the governmental interest, including costs and administrative burdens of additional procedures." *In re Det. of Stout*, 159 Wn.2d 357, 370, 150 P.3d 86 (2007).

Under the *Matthews* test,[3] we determine that procedural due process is not violated here. First, Clare has a significant interest in his physical liberty to be free from restraint. Although we recognize that the length of the infringement is less than 48 hours, the first factor weighs in Clare's favor.

Second, the risk of erroneous deprivation of Clare's liberty through existing procedures and the probable value, if any, of additional procedural safeguards, is minimal and weighs in the State's favor. There are procedural safeguards in place before and after the issuance of a bench warrant. The trial court notifies defendants of the relevant court date, and in this instance, the scheduling order explicitly provided notice that failure to appear for the readiness hearing "may result in the issuance of a warrant and may constitute the crime of Bail Jumping." CP at 6. And

---

[3] The *Mathews* balancing test is the inappropriate procedural due process framework for assessing "'state procedural rules which . . . are part of the criminal process.'" *Jauch v. Choctaw County*, 874 F.3d 425, 431 (5th Cir. 2017) (quoting *Kaley v. United States*, 571 U.S. 320, 334 (2014)). The alternative *Medina* test is a less exacting framework to satisfy. *Id*. at 432. We need not decide which framework applies because the challenged practice here satisfies procedural due process requirements under the more stringent *Mathews* framework.

the release condition order provided functionally the same notice. As the trial court is present when the defendant fails to appear, a violation of that pretrial condition is manifestly apparent.

Clare emphasizes that the risk of erroneous deprivation exists as (1) individuals arrested outside of Clark County could not challenge the deprivation for failure to appear until appearing in Clark County, and (2) without citation, Clare asserts that no-bail bench warrants issue in cases where the summons was not sent or that the service of the summons was improper. We recognize that Clare's concerns demonstrate some risk of erroneous deprivation.

But importantly, Clare does not discuss what additional procedural safeguards would be valuable. In fact, Clare specifically states, "defense counsel does not seek any additional procedural safeguards." Br. of Appellant at 27. As we held above, there is the additional procedural safeguard that after the defendant is arrested on the bench warrant, a bail determination must be made as soon as possible, no later than 48 hours after that arrest. And as discussed above, that right stems from the constitutional right to bail. Thus, if the court fails to hold such a hearing within 48 hours, the defendant could challenge the unlawful restraint in the courts under the constitution of the State of Washington. That safeguard mitigates the risk of an ongoing erroneous deprivation. We determine that the second factor weighs in the State's favor.[4]

Third, "[t]he government has compelling interests in preventing crime and ensuring that those accused of crimes are available for trial and to serve their sentences if convicted." *Westerman*, 125 Wn.2d at 293. The third factor also weighs in the State's favor. We hold that

---

[4] We note that during the 11 days that passed between the readiness hearing and the issuance of the bench warrant, the record does not show that Clare appeared before the court, requested a court date, or checked in with pretrial services.

No. 57332-6-II

the practice of issuing no-bail bench warrants due to the accused's failure to appear in a non-capital case does not violate procedural due process provided the defendant arrested on said warrant receives a bail determination as soon as possible, no later than 48 hours after that arrest.

CONCLUSION

We affirm.

_____
Che, J.

We concur:

_____
Maxa, P.J.

_____
Price, J.

12