**FILED**
**JUNE 16, 2026**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40243-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY KENT REDMOND, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — The superior court granted Timothy Redmond a mental health sentencing alternative (MHSA) after he was convicted of two counts of burglary in the second degree. Mr. Redmond incurred new criminal charges. As a result, the court revoked the MHSA and sentenced Mr. Redmond to 68 months of confinement. Mr. Redmond appeals the revocation of the MHSA and the 68-month sentence. Finding no error, we affirm.

BACKGROUND

A jury found Mr. Redmond guilty of two counts of burglary in the second degree and one count of theft in the third degree. The court granted Mr. Redmond an MHSA and

ordered him to serve 36 months of community custody in lieu of the standard range sentence.

Paragraph 4.6 of the judgment and sentence, entitled "**COMMUNITY CUSTODY CONDITIONS**," mandates, "The Defendant shall obey all laws." Clerk's Papers (CP) at 57. The judgment and sentence also required Mr. Redmond to comply with the provisions in "Appendix 'A' + 'H.'" CP at 58. Appendix A, entitled "Judgment and Sentence Crime Related Prohibitions and Other Requirements," states Mr. Redmond "[s]hall commit no crimes." CP at 61 (some capitalization omitted). Appendix H, entitled "Judgment and Sentence Appendix H – **Mental Health** Community Custody," states Mr. Redmond shall "[o]bey all municipal, county, state, tribal, and federal laws." CP at 62 (some capitalization omitted).

On December 22, 2023, the State filed a motion for an order to show cause for why Mr. Redmond's MHSA should not be revoked. The motion alleged that Mr. Redmond had "violated the terms and conditions of his Judgment and Sentence" by "being involved in criminal actions." CP at 90. Specifically, Mr. Redmond was arrested for trespassing in the first degree and contacted by law enforcement for "prowling a donation collection point." CP at 102.

A hearing on the State's motion was held on January 8, 2024. The State requested the court revoke the MHSA because Mr. Redmond was "involved in more criminal activities." Verbatim Tr. of Proc. (VTP) (Jan. 8, 2024) at 470. Although Mr. Redmond

2

admitted to "[c]omitting new crimes," his attorney asked the court to maintain the

MHSA.  CP at 64.  Defense counsel argued:

> So, your Honor,—my client admitted to the—the two alleged violations,—the misdemeanor in Whitman County and the—misdemeanor in Nez Perce County, your Honor. My client has currently served 42 days. As the court heard from two of his providers, he was not shopping for treatment; in fact at one point he had two providers at the same time.
>
> So, my client is engaged in treatment, he has a diagnosis, he has a treatment plan, at least as far as [Quality Behavioral Health], he's trying to do that now—with Palouse River Counseling except for the fact that he's now incarcerated.
>
> But—but based on that, your Honor, my client isn't alleged to have burglarized Walmart, my client isn't charged with felonies of any kind. My client—while stressed out,—dealing with his mental health condition, walked into Walmart, realized, "Oh, man, I can't be here," and then left. That's what happened.
>
> And if you read the police reports, that—that's what it bears out. It doesn't state that he was moving merchandise or that he'd even taken anything off the shelf.
>
> So, your Honor, I think—revoking Mr. Redmond's sentencing alternative at this juncture, without meaningful—provider for any period of time, I think it—it's too soon.
>
> As I stated, my client—42 days, he has other—he has other medical issues going on.  But I think at this point we would ask for 60 days, give him credit for time served, and continue the sentencing alternative.

VTP (Feb. 12, 2024) at 488-89.

The court found Mr. Redmond had committed new crimes in violation of his

sentence and revoked the MHSA.  With an offender score greater than 9, the court

sentenced Mr. Redmond to 68 months of confinement, the high end of the 51-to-68-month standard range.

Mr. Redmond timely appeals.

ANALYSIS

Mr. Redmond contends the MHSA should not have been revoked because the requirement that he "commit no crimes" was a condition of Appendix A to the judgment and sentence and not a condition of Appendix H to the MHSA. CP at 78. The State responds, in part, that we should decline review of the purported error as it is being raised for the first time on appeal. We agree with the State.

Generally, this court will not consider an argument raised for the first time on appeal. RAP 2.5(a). The purpose of this rule is to "'encourag[e] the efficient use of judicial resources.'" *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009) (alteration in original) (quoting *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988)). To adequately preserve a perceived error, a party's argument before the trial court should be "more than fleeting." *State v. Clare*, 30 Wn. App. 2d 309, 315, 544 P.3d 1099, *review denied*, 3 Wn.3d 1011, 551 P.3d 437 (2024). Nevertheless, a party may raise a "manifest error affecting a constitutional right" for the first time on appeal. RAP 2.5(a)(3). When an appellant presents a new argument for the first time on appeal, he must generally address RAP 2.5(a) in his briefing. *State v. Frieday*, 33 Wn. App. 2d 719, 744, 565 P.3d

4

139, *review denied*, 5 Wn.3d 1006, 574 P.3d 539 (2025), *cert denied*, 24 L. Ed. 2d 21 (2026).  "Otherwise the issued is considered waived."  *Id*.

Without addressing RAP 2.5(a) in his opening brief, Mr. Redmond asserts, for the first time, that "[t]he court erred by revoking [his] MHSA because the admitted violation of the 'commit no crimes' condition was in appendix A to his judgment and sentence and not in appendix H of his MHSA."  Br. of Appellant at 1.

The argument Mr. Redmond presents to this court differs from his argument to the superior court.  Before the superior court, Mr. Redmond argued he lacked sufficient time to show improvement and should be given another chance to comply with the terms of the MHSA.  For the first time on appeal, Mr. Redmond claims Appendix A to his judgment and sentence applies only to community custody following incarceration and not the MHSA.  Because Mr. Redmond did not raise the error claimed on appeal before the lower court and failed to address RAP 2.5(a) in his opening brief, we decline review of his purported error related to the revocation of the MHSA.

Mr. Redmond next argues the court was only permitted to impose a 30-day penalty for each postincarceration violation of Appendix A.  We are unpersuaded by this argument as Appendix A is not limited to postincarceration community custody.

Once Mr. Redmond's MHSA was revoked, the court had "lawful discretionary authority to impose any sentence falling within the correct standard range."  *Piris v. Kitching*, 186 Wn. App. 265, 276, 345 P.3d 13 (2015), *aff'd*, 185 Wn.2d 856, 375 P.3d

5

No. 40243-6-III
*State v. Redmond*

627 (2016); *See also* RCW 9.94A.695(12)(c). With an offender score greater than 9 on each burglary in the second degree conviction, Mr. Redmond's standard range sentence was 51 to 68 months. The court's sentence of 68 months of confinement was within the standard range. Therefore, the court did not exceed its lawful discretionary authority in ordering a standard range sentence of 68 months.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Cooney, J.

WE CONCUR:

Staab, C.J.

Hill, J.